FREDERICK A. KASTNER and Another, Copartners, Doing Business under the Firm Name and Style of KASTNER BROS., Respondents, *v.* DUFFY-MOTT COMPANY, INC., Appellant.

Supreme Court, Appellate Term, Second Department, October 16, 1925.

**Payment — mistake of law — recovery of payment of ten per cent tax included in purchase price paid for consignment of cider — defendant fixed price at ten per cent beyond actual selling price under misapprehension Federal government would make claim therefor — thereafter cider held not taxable — plaintiffs not entitled to recover in absence of proof of claim defendant was to repay in event cider was held not taxable.**

Plaintiffs are not entitled to recover from the defendant the amount of a ten per cent tax included in the purchase price paid for a consignment of cider, where it appears that the defendant, believing that the Federal government would require the payment of said tax on the sale, fixed the price thereof so as to include said tax, in the absence of any proof of claim that the defendant was to repay said ten per cent tax in the event the cider should be held not to be taxable under the Revenue Act of 1918 (40 U. S. Stat. at Large, 1116, § 628) or evidence of fraud or deceit, particularly where the government made no claim against the plaintiffs and the payment was not made under a mistake of fact.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Seventh District.

*A. S. Gilbert,* for the appellant.

*Fred Francis Weiss,* for the respondents.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

The defendant was a manufacturer of cider. Upon selling it to plaintiffs, defendant included in the purchase price a ten per cent tax which the government claimed under the Revenue Act of 1918 (40 U. S. Stat. at Large, 1116, § 628); and defendant notified plaintiffs of the fact that the purchase price included that tax. Later it

was held that cider was not taxable (*Casey* v. *Sterling Cider Co.*, 294 Fed. 426; *Monroe Cider, Vinegar & Fruit Co.* v. *Riordan*, 280 id. 624); and following these decisions the government refunded to the defendant the amount of the tax which it had paid. Plaintiffs seek in this action to recover from the defendant the amount of the ten per cent tax which was included in the price they paid. The tax, however, under the law, was in no event payable by plaintiffs, but only by the manufacturer, that is, the defendant. There was no tax, or claim of tax, against the plaintiffs. The plaintiffs did not pay the money under duress. There was no governmental claim made against the plaintiffs, and the cases cited by the latter, holding the right to recover for a tax paid under the belief that it was valid when in fact it was void, are not in point. The payment was not made under a mistake of fact. Both parties knew of the enactment of the law. The defendant made the purchase price of the cider greater because of its belief that it had to pay the tax to the government; but, nevertheless, the plaintiffs merely paid the price which the defendant demanded for its goods. Plaintiffs make no claim of any agreement that the defendant was to repay the ten per cent, in the event that the cider should be held not to be taxable. Under such circumstances, the plaintiffs may not recover. (*Moore* v. *Des Arts*, 1 N. Y. 359.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.