## BRENNER et al. v. GAUNCE.

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5467.

S. M. Bruce, of Bellingham, Wash., for appellants.

Nelson R. Anderson, of Seattle, Wash., amicus curiæ on behalf of appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. By the order from which they appeal, appellants were denied a discharge in bankruptcy upon the ground that they had failed to account for a large amount of merchandise which the trustee contends should have been in their possession when they made an assignment for the benefit of their creditors.

Appellants are brothers, and for several years prior to 1925 they worked for their father in carrying on a retail clothing business at Bellingham, Wash. On January 1, 1925, their father retired, and gave to them the business, including the fixtures and stock then on hand. At that time, according to a statement given by them to a financial rating agency, their net assets, over and above all liabilities, amounted to $13,296.65. A statement of similar content made to a creditor on January 1, 1926, by appellant David Brenner, exhibited as assets cash in bank, $1,643.58, accounts good and collectible, $620.57, merchandise, $15,343.60, and fixtures, $975;

and as liabilities, accounts overdue for merchandise, $239.20, similar accounts not due, $2,268.98, and indebtedness to banks, $4,000, leaving an apparent net worth of $12,074.57. On November 18, 1926, they made an assignment for the benefit of their creditors, and on January 11, 1927, in an involuntary proceeding, they were adjudged bankrupts.

During the period from January 1, 1926, to November 18, 1926, they purchased on credit and received merchandise of the aggregate cost of $35,892.79, and their aggregate sales, according to their books for that period, were $17,834.20. By an inventory and account as of November 18th, it was shown that the liabilities on that date exceeded the assets by an amount in excess of $8,000, making a total loss or shrinkage in 10½ months of over $20,000. After crediting the appellants for all expenses of conducting the business during that period, and with $1,600 on account of merchandise excluded from the inventory taken by the assignee, because such merchandise was thought to be without substantial value, the court found a merchandise deficit exceeding $8,000.

Appellants testified in a very general way that the discrepancy is to be explained by the fact that for certain reasons they sold some of the old stock below cost, and the further fact that, while their statements of assets in January, 1925, and January, 1926, were based upon cost prices as of 1921, those who made the inventories after the assignment to creditors listed a part of the stock at its then greatly depreciated value, and they further testified that, as had been their custom from time to time, merchandise was withdrawn, without making entries upon the books, for personal and family use, of the approximate value of $600 in the aggregate.

The underlying facts thus referred to may sufficiently explain the apparent discrepancy, but the testimony concerning them is too general to be conclusive, or even highly convincing. From it, and from the record as a whole, we are unable to approximate the loss suffered as a result of sales below the January, 1926, invoice prices, or the aggregate difference between these earlier invoices and the assignee's invoice, due solely to different standards of valuation. Subdivision b (7) of section 14 of the Bankruptcy Act, as amended by the Act of May 27, 1926 (11 USCA § 32), provides that the judge shall discharge the bankrupt, unless he "has failed to explain satisfacto-

rily any losses of assets or deficiency of assets to meet his liabilities." The apparent discrepancy here is very substantial, and we cannot say, as a matter of law, that the lower court acted arbitrarily or unreasonably in declining to accept as satisfactory the bankrupts' explanation.

Judgment affirmed.