## In re BECKMAN.
### No. 19590.

District Court, W. D. New York.
May 24, 1934.

Kavinoky & Simon, of Buffalo, N. Y., for bankrupt.

Lewis & Carroll, of Buffalo, N. Y., for objecting creditor.

KNIGHT, District Judge.

Objections to the discharge of the bankrupt were filed by one of his creditors. The grounds set forth were that the bankrupt failed to keep books of account or records from which his financial condition and business transactions might be ascertained; that at a time subsequent to the first twelve months immediately preceding the filing of the petition, he transferred, and removed and permitted to be transferred and removed and concealed certain of his property, with intent to hinder, delay, and defraud his creditors; and that he failed to explain satisfactorily his losses of assets and the deficiency of assets to meet his liabilities. The matter was referred to the referee as special master who found that all three objections were sustained by the evidence presented and recommended that the bankrupt be denied a discharge.

A motion having been made for confirmation of the report of the special master, bankrupt objects to such confirmation. The objection is made that the special master erred in ruling under section 14 of the Bankruptcy Act (11 USCA § 32) that reasonable grounds had been shown for believing that the bankrupt had committed acts which would prevent his discharge and that the burden was thereupon transferred to the bankrupt to show that he had not committed such acts. To set forth the testimony adduced would unduly extend this opinion. It is sufficient to say that the record discloses ample grounds for believing that the bankrupt had committed the acts or omissions set forth in the objections. It is not necessary for the objecting creditor to do more than show reasonable grounds for believing that the bankrupt has committed acts barring his discharge to throw upon the bankrupt the duty of proving the contrary. In re Holzman (C. C. A.) 69 F.(2d) 828.

Bankrupt asserts that no actual intent to defraud his creditors has been proved under the second objection. He drew only $10 to $15 weekly from the business, while paying his wife $50 per week or a total of $2,600 for the year. He also provided a sis-

ter with merchandise for her store and money to the extent of $2,000. Other relatives were the beneficiaries of gifts amounting to $1,500. Altogether about $6,000 was taken out of the business for the benefit of relatives. Bankrupt states that his intent was to assist his relatives who were in poor financial circumstances. The record clearly shows that a part of these gifts were made subsequent to the time when he became insolvent.

The following language from In re Julius Bros. (C. C. A.) 217 F. 3, 7, L. R. A. 1915C, 89, points the decision in this case:

"There are two classes of transfers under the act: (1) Those which have been entered into with actual fraudulent intent. (2) Those where, from the terms of the agreement or the nature of the transaction itself, the fraudulent intent is presumed to exist as an inference of law.

"In the one class the fraudulent intent is always a question of fact, and in the other it is a question of law. Thus if one who is insolvent makes a voluntary transfer of his property, receiving no valuable consideration therefor, the law will infer the intent, even though he may have made the transfer with an honest motive. In such cases no evidence of intention can be received to change that presumption. Such a conveyance necessarily operates to hinder, delay, or defraud the creditors, and the grantor will in such a case be presumed to intend the natural and necessary consequences of his acts." See, also, In re Finder (C. C. A.) 61 F.(2d) 960; In re Richter (C. C. A.) 57 F.(2d) 159; Bailey v. Ross (C. C. A.) 53 F.(2d) 783; and In re Hirsch (D. C.) 4 F. Supp. 708. In the present case there was a voluntary transfer of property with no benefit or return consideration to the bankrupt's estate. The only conclusion to be drawn therefrom is that the bankrupt intended to hinder, delay, and defraud his creditors.

As to the third objection, the bankrupt asserts that he has made a satisfactory explanation. To explain away a large portion of his loss he has stated that he sold goods at less than the wholesale cost over a period of a year because it was necessary to meet competition and that $5,000 was lost in this manner. The only basis for arriving at this amount was that the bankrupt concluded he had lost about 20 to 25 per cent. on the $28,000 worth of goods which he turned over during the year. In view of the fact that at best this can be regarded only as an estimate by the bankrupt, founded upon nothing which in any way verifies or affirms it, the explanation cannot be regarded as satisfactory. In re Shapiro & Ornish (D. C.) 37 F.(2d) 403, and Brenner v. Gaunce (C. C. A.) 28 F.(2d) 606, are cases involving somewhat similar situations.

The report of the special master is confirmed.