CHARLES CHRISTOPHER, Plaintiff, *v.* HOGER & Co., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District,
July 6, 1936.

*Zichello & Catenaccio*, for the plaintiff.

*Bernard A. Shalek*, for the defendant.

WATSON, J.   During the year 1935 defendant sold and delivered to plaintiff's assignor flour and corn meal covered by certain invoices. It is claimed that the price of the merchandise shown on each invoice included a tax collected by defendant under the provisions of the Agricultural Adjustment Act (U. S. Code, tit. 7, § 609).   That act having been declared unconstitutional by the United States Supreme Court ( *United States of America* v. *Butler,* 297 U. S. 1; 80 L. Ed. 287), plaintiff seeks recovery of the total tax which he says was added to the price of the invoiced merchandise.

Ordinarily, where the promise of the buyer is to pay a stated price and to put the seller in funds for the payment of a tax besides, the annulment of the statute, creating the impost, followed by refund of the tax and the cancellation of the entire transaction between the seller and the government, requires the seller, in good conscience, to repay to the buyer the tax collected, as for money had and received.   (*Wayne County Produce Co.* v. *Duffy-Mott Co.,* 244 N. Y. 351; *Friend* v. *Rosenwald,* 124 App. Div. 226.)   Here the situation is different.   The invoices received in evidence show only the price of the merchandise supplied.   They do not disclose a tax billed to plaintiff's assignor and collected by defendant in addition to the stated price of the merchandise, since there is no segregation of the tax item on the invoices.   It thus appears that the tax was absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller.   (*Wayne County Produce Co.* v. *Duffy-Mott Co., supra; Moore* v. *Des Arts,* 1 N. Y. 359.)

Moreover, there was no showing that the defendant obtained from the government a refund of the tax paid under this void statute, thus entitling plaintiff to the return of the amount alleged to have been collected by the defendant as a tax upon the merchandise sold to plaintiff's assignor.

The relevant portions of the act referred to provide: Subd. (a). " To obtain revenue for extraordinary expenses incurred by reason of the national economic emergency, there shall be levied processing taxes as hereinafter provided * * *. The processing tax shall be levied, assessed, and collected upon the first domestic processing of the commodity, whether of domestic production or imported, and shall be paid by the processor." Subd. (b), ¶ (2). " In the case of wheat, cotton, field corn, * * * the tax on the first domestic processing of the commodity generally or for any particular use, or in the production of any designated product for any designated use, shall be levied, assessed, collected, and paid at the rate prescribed by the regulations of the Secretary of Agriculture in effect on the date of the adoption of this amendment, during the period from such date to December 31, 1937, both dates inclusive."

It does not appear that a tax was levied upon flour and corn meal as such. The tax was assessable upon the first processing of wheat and field corn by the processor or miller. Defendant was neither processor nor miller. The tax was payable by the processor and the liability therefor rested upon him alone. " The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all." (*Lash's Products Company* v. *United States*, 278 U. S. 175, 176.)

Plaintiff has proven no cause of action against the defendant. His cause of action is, therefore, dismissed on the merits. Judgment accordingly.