**GOLDING BROS., CO., Inc., et al. v. DUMAINE et al.**

**In re AMOSKEAG MFG. CO.**

**No. 3265.**

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

163

Israel Gorovitz, of Boston, Mass. (Ralph Cohn, of Boston, Mass., on the brief), for appellant Golding Bros. Co.

John W. Black, Jr., of Boston, Mass. (Johnson & North, of Boston, Mass., on the brief), for appellant Sears, Roebuck & Co.

David R. Pokross, of Boston, Mass. (Howard W. Brown, Charles M. Storey, and Peabody, Brown, Rowley & Storey, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

These are appeals, consolidated in this court, from orders or decrees of the federal District Court for Massachusetts affirming orders of the referee denying the claims of the appellants against the trustees in bankruptcy of the Amoskeag Manufacturing Company.

It appears that the appellants filed claims, in the liquidation proceedings of the Amoskeag Manufacturing Company, against the bankrupt to recover certain sums of money retained by it after the Agricultural Adjustment Act, as amended, chapter 25, 48 Stat. 31, c. 641, 49 Stat. 750, 7 U.S.C.A. § 601 et seq., was declared unconstitutional on January 6, 1936; that the claims were denied by the referee; that applications for review were seasonably filed; that the referee's certificate was forwarded to the District Court; and that that court entered orders or decrees affirming the orders of the referee in both proceedings. It is from these orders or decrees that the appeals were taken under section 25a of the Bankruptcy Act, as amended 11 U.S.C.A. § 48(a).

The facts found by the referee are as follows:

The Agricultural Adjustment Act was approved on May 12, 1933, but was declared unconstitutional on January 6, 1936; that at some time prior to January 6, 1936, each of these claimants ordered goods of the bankrupt and contracted to pay therefor a specified number of cents per yard of goods; that in the price fixed in these contracts were included, but not in separate items, sums sufficient to pay the processing taxes. The contracts called for future deliveries, but deliveries in fact were made prior to January 6, 1936, and paid for. The portion of the purchase price necessary to pay the processing taxes was impounded by the Amoskeag Company in the District Court for New Hampshire, and, after January 6, 1936, the money was returned to that company.

The referee in his certificate on review stated that the "basis on which these claims are made is a clause which was inserted in the purchase contracts providing as follows:

"'Prices on any undelivered portion of this contract are subject to increase or decrease due to governmental action under the "Agricultural Adjustment Act", or the "National Industrial Recovery Act", or any further Federal legislation affecting the seller's costs, and deliveries may be modified to the extent necessitated by any such governmental action or legislation.'" (Italics supplied.)

The referee ruled that the above-quoted clause applied only to undelivered portions of the contracts, and that, as complete deliveries had been made in each case here under consideration at the time the act was declared unconstitutional and the tax annulled, the above-quoted clause was without application to the claims in question.

In the assignments of error the appellants complain that the court erred in affirming the orders of the referee; that, on the facts found by him, their claims should, as a matter of law, have been allowed.

From the foregoing statement of facts it appears that the sale contracts in each case provided that the appellants, the purchasers, should pay for the goods a stated price per yard, not a stated price per yard plus the amount of the tax payable thereon; that, in the contracts, so far as concerned delivered portions of the goods, no provision was made for any decrease in price, but that, as to undelivered portions, if their cost was increased or decreased, due to governmental action under the statutes named and affecting the selling cost, the prices for such deliveries were to be modified to the extent that they were affected by such governmental action or legislation. It seems to be well settled that, where a sales contract provides that the purchaser is to pay a stated price and that alone, the purchaser cannot recover from the seller the amount of the tax, if the tax is later done away with by a repeal of the statute or by its being declared unconstitutional, or, if the tax is simply reduced, recover the amount of the reduction, even though the tax had not been paid by the vendor, or, if paid, refunded to him. Zinsmaster Baking Co. v. Commander Milling Co., Minn., 273 N.W. 673; Cupples Co., Mfrs., v. Mooney, Mo.App., 25 S.W.2d 125; Moore v. Des Arts, 1 N.Y. 359; Kastner v. Duffy-Mott Co., 125 Misc. 886, 213 N.Y.S. 128; Christopher v. Hoger & Co., Inc., 160 Misc. 21, 289 N.Y.S. 105; Texas Company v. Harold, 228 Ala. 350, 153 So. 442, 92 A.L.R. 523; Casey Jones, Inc., v. Texas Textile Mills, Inc., 5 Cir., 87 F.2d 454; Heckman & Co., Inc., v. I. S. Dawes & Son Co., Inc., 56 App. D.C. 213, 12 F.2d 154.

This distinction is clearly pointed out in Wayne County Produce Co. v. Duffy-Mott Co., 244 N.Y. 351, 155 N.E. 669, by Mr. Justice Cardozo, then Chief Justice of the Court of Appeals of New York. In that case it appeared that the purchaser had contracted to pay a certain price for the goods, plus a tax of 10 per cent. It was there said:

"This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller. Moore v. Des Arts, 1 N.Y. 359. This is a case where the promise of the buyer is to pay a stated price, and to put the seller in funds for the payment of a tax besides. In such a case the failure of the tax reduces to an equivalent extent the obligation of the promise."

Many of the other cases cited above draw the same distinction and point out that, where the item of the tax is absorbed in the total or composite price, the buyer is without remedy, though the annulment of the tax may increase the profits of the seller.

That was the situation in these cases as to the delivered portion of the goods contracted for, for the price as to such goods was a composite price to be paid at all events.

The appellants, however, contend that, inasmuch as the contracts contained the "up and down clause," as to an undelivered portion of the goods sold, wherein the parties stipulated for a reduction in price in case the tax was reduced, the court should construe the contracts to include an implied stipulation to the same effect with relation to the delivered portion. But we are of the opinion that this cannot be done. If the parties had seen fit to make the provisions of the "up and down clause" apply with equal effect to the delivered portion of the goods as well as to the undelivered portion, they could have readily done so. But they didn't. Instead of doing so, they inserted an "up and down clause" applying only to the undelivered portion, and, being of a limited nature, it is not to be extended by construction, contrary to the expressed intention of the parties, to embrace the entire subject-matter of the contracts, any more than a limited warranty in the sale of an article is to be extended by implication to a general warranty of the quality and fitness of the article. Deming v. Foster, 42 N.H. 165, 175; Massachusetts General Hospital v. Fairbanks, 129 Mass. 78, 81, 37 Am.Rep. 303. Therefore, inasmuch as the contracts for the delivered portion of the goods was for a composite price and not subject to increase or decrease by any expressed or implied agreement, the appellants have no contract right on which to base a recovery of the amount of the tax.

Neither can they recover the amount of the tax on a count for money had and received, based on the ground of unjust enrichment, for, as to the delivered portion of the goods sold, which is the only portion here under consideration, the sales price was a composite price, and the fact that it included a tax affecting the seller's cost, which tax was later annulled, does not furnish a ground of recovery any more than if the reduced cost of raw materials going into the cost of the goods would create such a right. When the appellants paid the composite price for the delivered goods, the money, as a whole, became that of the seller, and the seller is not unjustly enriched at the expense of the purchaser by being allowed to keep what is his own.

Other contentions have been advanced by the appellants, but we find it unnecessary to consider them in detail, as the controlling propositions have been considered in what we have said.

The orders or decrees of the District Court are affirmed, with costs to the appellees.