## CONTINENTAL BAKING CO. v. SUCKOW MILLING CO.

### No. 6639.

Circuit Court of Appeals, Seventh Circuit.

Jan. 7, 1939.

Hays & Hays, Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor, and J. Olias Vanier, all of Sullivan, Ind. (George Faunce, Jr., of New York City, of counsel), for appellant.

William G. Davis, of Indianapolis, Ind., for appellee.

Albert Stump, of Indianapolis, Ind., amicus curiæ.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff appeals from a decree dismissing its bill for want of equity. The bill was filed April 23, 1937 in behalf of itself and all others similarly situated and it sought to establish a trust and to recover from the defendant moneys paid the defendant by plaintiff and others similarly situated, to pay processing taxes on wheat levied pursuant to the Agricultural Adjustment Act, approved May 12, 1933, 48 Stat. 31, 7 U. S.C.A. § 601 et seq.

The following facts,—those facts properly admitted by the motion to dismiss and others properly within our judicial knowledge,—are established. In 1935, the plaintiff entered into written contracts for the purchase of the defendant's flour. The contracts stipulated as follows: "The price named in this contract is exclusive of any tax * * * now or hereafter levied or imposed by the United States * * * upon grain products, or upon the * * * processing * * * thereof, and such tax * * *, if levied or imposed, shall be added to the price fixed in this contract, and shall be paid by the buyer to the seller."

Under the Agricultural Adjustment Act, in force July 9, 1933, the defendant was required at the end of each month to pay a tax of 30 cents for every bushel of wheat processed during the preceding month and for that purpose, the Treasury Department, pursuant to authority expressed in the Agricultural Adjustment Act, adopted a conversion factor of $1.38 as representing an equivalent amount of tax per barrel of flour.

On May 1, 1935, the defendant resisted the payment of the tax on the ground that the Agricultural Adjustment Act was unconstitutional and, after its invalidation on January 6, 1936 (U. S. v. Butler, 297 U. S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A. L.R. 914), obtained the funds which had been impounded during the litigation. An exhibit attached to the bill giving the date of the contracts, namely, February 21, 1935, to October 16, 1935, and a record of all shipments made to the plaintiff under the contracts indicates that during this period, the plaintiff purchased 9,680 barrels of flour for $42,932.17. The only price stated in the exhibit was the price per barrel which ranged from $5 to $6.35 during the whole period. The bill further alleged that plaintiff brought this action to recover for itself $13,326.40 as the amount of the tax paid by the plaintiff to the defendant on the wheat which went into the 9,680 barrels of flour and that the said item of taxes was included in the named price in addition to the regular price thereof.

The question submitted to us is whether the District Court erred in holding the plaintiff failed to state a cause of action.

A number of courts have now spoken on the liability of the processor to his pur-

chaser for Agricultural Adjustment Act tax refunds and many ways of adjudicating this controversy have been urged.

From an examination of these cases we learn that recovery is allowed where the contract expressly provides for refunding in the event the tax is invalidated. In Johnson v. Igleheart Bros., Inc., 7 Cir., 95 F.2d 4, this court denied relief to a purchaser who based his cause of action on an implied promise arising from the contract. In Cohen v. Swift & Co., 7 Cir., 95 F.2d 131, this court denied equitable relief to a purchaser on the ground that the tax had been absorbed by the processor and therefore the purchaser merely paid the price demanded of him. In both cases, this court sought to determine the probable arrangement contemplated by the contracting parties.

In cases in which the plaintiff based his claim upon a constructive trust, as in the instant case, the question of liability is much more difficult of solution. But even in those cases, equitable relief has been denied on the ground that the tax item was absorbed in a composite price paid by the purchaser. Moore v. Des Arts, 1 N.Y. 359; Kastner v. Duffy-Mott Co., 125 Misc. 886, 213 N.Y.S. 128; Christopher v. Hoger & Co., Inc., 160 Misc. 21, 289 N.Y.S. 105; Heckman & Co., Inc., v. I. S. Dawes & Son Co., Inc., 56 App.D.C. 213, 12 F.2d 154; O'Connor-Bills, Inc., v. Washburn Crosby Co., D.C., 20 F.Supp. 460; Casey Jones, Inc., v. Texas Textile Mills, Inc., 5 Cir., 87 F.2d 454, and Golding Bros. Co., Inc., v. Dumaine, 1 Cir., 93 F.2d·162, 115 A.L.R. 664. These cases are bottomed upon the theory that where the tax has been absorbed in the price, the purchaser does not pay the tax but merely the price demanded for the goods, and that his rights being based solely on the contract, are controlled by the law of contracts. On the other hand, the purchaser has been allowed to recover, where the tax was a separate item in the price. Wayne County Produce Co., Inc., v. Duffy-Mott Co., Inc., 244 N.Y. 351, 155 N.E. 669. However, the majority of the courts have indorsed the distinction expressed in Wayne County Produce Co., Inc., v. Duffy-Mott Co., Inc., supra, as being a reasonable test by which the probable arrangement contemplated by the parties may be determined. In that case, Mr. Justice Cardozo, then Chief Justice of the Court of Appeals, said: "This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, although the annulment of the tax may increase the profit to the seller. Moore v. Des Arts, 1 N.Y. 359. This is a case where the promise of the buyer is to pay a stated price, and to put the seller in funds for the payment of a tax besides. In such a case the failure of the tax reduces to an equivalent extent the obligation of the promise."

These cases then go on and show tax absorption in one or several of the following ways: There is only one price shown on the contract; there is no separate invoicing of the tax; and the processing tax is a manufacturer's tax and, therefore, cannot be passed on.

The plaintiff contends that it is entitled to recover because the sales contract contemplated payment of a stated price and a separate fund to enable the processor to pay his tax. On the other hand the defendant urges that the tax was absorbed in the price as an incident in the cost of manufacture.

In the instant case the contracts were all entered into while the processing tax was in force, without any mention of the processing tax item, and the exhibit (giving a record of the quantities and the prices paid for the flour) does not disclose that any tax amount was billed separately and collected by the defendant in addition to the stated price of the flour; the contract does not contain any provision for the refund of any part of the purchase price in the event the processing tax should be annulled, and the bill does not allege the payment of any sum above the contract price, but clearly points to the fact that the tax was absorbed or buried in the price paid for the flour. The contract and the exhibit reveal that plaintiff did not pay two separate funds to the defendant, namely, a fund for the flour and fund for the tax, but on the contrary, the bill alleged that there was but one price named in each of the contracts. In other words, this is a case where only one price, the price paid for the flour, was stated. As expressed in the language of Mr. Justice Holmes, speaking for the whole court, "The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else". Lash's Products Co. v. U. S., 278 U.S. 175, 176, 49 S.Ct. 100, 73 L.Ed. 251.

This analysis of the bill is also supported by the method of tax payment and by the

nature of the tax in question. The processor had to file his tax return and make payment at the end of each month, irrespective of whether there was a sale of the flour. Moreover, by its very nature, a processing tax becomes immediately a part of the cost of doing business and is spread over the entire sales price as any other cost. Perhaps the price is larger because of the tax but this court is satisfied that no part of the price paid can be identified as money paid only for the tax.

Therefore, we conclude that plaintiff has failed to state a cause of action which entitled it to recover in equity. Since this makes unnecessary a consideration of other questions raised on appeal, the decree of dismissal is affirmed.