ANDREW JERGENS CO. et al. v. CONNER, Collector of Internal Revenue.

No. 8811.

Circuit Court of Appeals, Sixth Circuit.

Feb. 11, 1942.

Carl M. Jacobs, of Cincinnati, Ohio (Frost & Jacobs, Carl M. Jacobs, Henry G. Frost, Harold J. Siebenthaler, and William R. Seaman, all of Cincinnati, Ohio, on the brief), for appellants.

Clarence E. Dawson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Clarence E. Dawson, Sp. Assts. to Atty. Gen., Calvin Crawford, of Dayton, Ohio, and Fred W. Johnson, of Cincinnati, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Appellants appeal from a judgment dismissing their petition to recover excise taxes on toilet preparations and cosmetics imposed on them by the Commissioner of Internal Revenue, for the period from September 4, 1935, through February 1937, pursuant to Section 603 of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. Int. Rev.Acts, page 608; 26 U.S.C.A. Internal Revenue Code, § 3443(d).

The above section of the act imposed a tax on the manufacturers of toilet preparations enumerated therein, equivalent to ten percent of the sales price of certain articles and five percent on the sale price of others. The appellants were engaged in the manufacture and selling of preparations taxable under this section.

Appellants instituted this action against appellee, Thos. J. Conner, individually and as Collector of Internal Revenue for the First District of Ohio, seeking to recover excise taxes in the amount of $305,797.18, assessed against appellants for the months from September 1935 to February 1937, inclusive. A jury was waived and the law and facts submitted to the court below which, on final hearing, found as a fact that appellants had not carried the burden of proof required under Section 620 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Code, § 3442, to recover the taxes alleged to have been overpaid. The court made no findings as to whether the taxes sought to be recovered had been illegally assessed or collected. The sole question on this appeal is whether there was substantial evidence to support the court's findings of fact.

Section 621(d) of the Revenue Act of 1932, 26 U.S.C.A. Internal Revenue Code, § 3443(d), provides: "(d) No overpayment of tax under this title [chapter] shall be credited or refunded (otherwise, than under subsection (a)), in pursuance of a court decision or otherwise, unless the per-

son who paid the taxes establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund."

Under Section 628 of the same Act, 26 U.S.C.A. Int.Rev.Acts, page 624, it is provided that the Commissioner, with approval of the Secretary of the Treasury, shall promulgate the necessary rules and regulations for enforcement of the tax and for credits and refunds thereunder. The pertinent regulations are found in the margin.[1]

From June 21, 1932, the effective date of the tax, through September 1932, appellants billed their vendees the invoice price with the amount of the tax appearing thereon as a separate item, which tax was added to the total cost to their customers. Appellants suffered a decline of 19% in their gross sales during the months of July and August 1932, which their officers attributed to billing the excise tax to their customers.

Joseph D. Nelson, Vice President, General Manager and Secretary of all three companies, and the only witness who testified, stated that beginning with October 1932, appellants eliminated the tax as a separate item on the invoices to its customers and made no reference to it as a separate item, and that thereafter appellants absorbed the tax. This witness also testified that the appellant companies had approximately one hundred salesmen who negotiated sales of its products based on varying circumstances, and that such sales were made on the basis of special deals or combination offers at prices determined by appellants' cost departments and that during the time here involved, the prices on their products varied widely according to the quantity of the merchandise and the classification of the customer, whether wholesaler, chain store, jobber or dealer. He stated that ninety-nine percent of appellants' sales were negotiated, but that they also issued periodically a printed "price schedule" solely for the guidance of their salesmen. This schedule was not distributed to the trade generally, but was sent to customers who inquired as to prices, which inquiries were turned over to a salesman, who then called on the prospective customers. He testified that this method of selling prevailed both before and after the imposition of the tax. He stated that regardless of the class of customers or the amount sold to them, appellants' prices were not arranged so as to pass on the tax to the customer, and that the price schedules which were occasionally sent prospective customers bore the statement "no additional charge for tax" and when the sales were closed, taxes were not mentioned. He testified that over the period here involved the prices at which appellants sold more that 99% of their products fluctuated because of changes in material prices,

1 "Article 71 of Treasury Regulations 46. In all cases * * * where a person overpays tax, no credit or refund be allowed, whether in pursuance of a court decision or otherwise, unless the taxpayer files a sworn statement explaining satisfactorily the reason for claiming the credit or refund and establishing (1) that he has not included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or (2) that he has either repaid the amount of the tax to the ultimate purchaser of the article or has secured the written consent of such ultimate purchaser to the allowance of the credit or refund. In the latter case the written consent of the ultimate purchaser must accompany the sworn statement filed with the credit or refund claim. * * *

"A complete and detailed record of all overpayments must be kept by the taxpayer for a period of at least four years from the date a credit is taken or refund claimed."

Article 11 of the Treasury Regulations 46 (promulgated June 18, 1932), reads in part as follows:

"Art. 11. Exclusion of Tax.—The tax imposed on the sale of any article enumerated in these regulations is not a part of the sale price of such article. If the tax is included in the sale price of an article the amount of such tax should be excluded in computing the tax due, regardless of whether it is shown on the invoice as a separate item. A manufacturer may compute the tax upon his sale price and bill the exact amount of the tax to his customers as a separate item, but where no separate charge is made as tax it will be presumed to be included in the price charged for the article.

labor costs and container sizes, but that the prices which appeared in the "printed schedule" were not changed after October 1, 1932, except to reduce them.

On cross examination this witness testified that on appellants' price lists of June 15, 1932, Jergens Lotion No. 605 was quoted at $4 a dozen unit and Jergens Lotion No. 606 at $8 a dozen unit, and that after that date there was no mention on the price list of "tax extra," but that for three months they did charge tax extra and so stated on the invoices. He also testified that the price list on August 15, 1932, carried Jergens Lotion 605 and 606 at $4.40 and $8.80 respectively but that the size of the bottle in 605 had been enlarged but would not state the date of the increase, or that the increase in size had any relation to the increase in price or vice versa.

The witness also testified that the price lists were a basis from which to negotiate the sales and that less than one percent of their customers paid the price stated therein.

Based on the foregoing evidence, the court concluded as a matter of law that appellants had failed to establish that they had not included "the excise taxes in question in the prices of their articles and that they have not collected such taxes from their vendees."

 Appellants insist that the court's findings are not binding on appeal because they are legal conclusions or, at most, ultimate facts and that they are not supported by any substantial evidence. Where a case is tried by the court, a jury having been waived, the court's findings upon questions of fact are conclusive upon appeal, no matter how convincing the argument that upon the evidence the findings should have been different unless there is no substantial evidence to support them. We are bound by the lower court's findings unless they are clearly erroneous. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c. Under the plain language of the statute here in question, the burden of proof was on appellants to show that they were entitled to recover the taxes claimed to have been overpaid and as to the issue of fact, the appellants, having access to all the evidence, it is just to place on them the burden of proving whatever is necessary under the statute to authorize recovery. Under the circumstances here present, very clear and decisive evidence was required to establish that appellants had not included the tax in the price of their products with respect to which it was imposed. The rate of tax being equal to ten percent of the amount of the sale price of some of the articles and five percent on others, the amount of the tax was no minor matter in determining the price at which the articles were to be sold and as to whether it was paid by appellants or its customers would have a marked influence on profits.

 It is undoubtedly the general rule that where unimpeached witnesses testify distinctly and positively to a fact and are uncontradicted, their testimony should be credited and have the effect of overcoming presumptions, but this rule is subject to many qualifications. There may be such a degree of improbability in the statements themselves as to deprive them of credit, however positively made. The witness, though unimpeached, may have such an interest in the question as to affect his credibility. It is often a difficult question to decide when a witness is, in a legal sense, uncontradicted. Circumstances present in the case, as well as statements by others contrary to his, may be sufficient for the court to refuse to give full weight to what the witness says. In such cases, courts and juries are not bound to refrain from exercising their judgment and are not required to blindly adopt the statements of the witness for the simple reason that no other witness has denied them and that his character is not impeached. Reiss v. Reardon, 8 Cir., 18 F.2d 200; Brenner v. Gaunce, 9 Cir., 28 F.2d 606.

The witness, Nelson, testified in a very general way that the taxes in question had been absorbed by appellants. He gave no detail as to the method of absorption such as savings in labor, cost of raw material, reduced selling expenses or reduction in gross sales prices. He also stated that for the first three months after the excise taxes became effective, the tax was added at the foot of the invoice and further that thereafter the list prices were increased ten percent on items producing a substantial portion of the total sales and he admitted that these list prices were retained thereafter. He undertook to explain the increase in the price list by saying the quantity of the product had been increased and that the price lists were only preliminary and the basis from which deals with its customers were negotiated. It is a fair inference

from his testimony that appellants established a base price for the use of their salesmen which included the manufacturer's tax in question and that any variations from these lists in the so-called deals did not result in appellants paying the tax without including it in the price at which the articles were sold.

The witness also stated that the sales made by appellants through what he termed "deals" with prospective customers were based on costs determined by appellants' cost departments. The records of these departments were not produced and none of appellants' officers, agents or employees who determined the price at which the articles were to be sold, testified in the case. The character of appellants' sales was such as to require a careful determination of cost and it was appellants' duty to produce records of these costs which would have thrown light on where the burden of the tax had fallen.

Appellants urge that Section 621(d) has no application when the tax imposed on the manufacturer under Section 603 of the Act is an indistinguishable part of the composite price at which the manufactured product is sold and that viewing the facts in the record in the most unfavorable light to appellants, they have shown the taxes here involved were no more than an indistinguishable part of the composite price at which their products were sold. Continental Baking Company v. Suckow Milling Company, 7 Cir., 101 F.2d 337; Golding Bros. Co. v. Dumaine, 1 Cir., 93 F.2d 162, 115 A.L.R. 664.

The statute in question is not to be so narrowly construed. It plainly provides that no overpayment of tax shall be refunded, unless the manufacturer shows that he has not included the tax in the price of the article with respect to which it was imposed. It is incumbent on appellants as a prerequisite to recovery of the taxes to show not that appellee had by some illegal method secured these funds but that the appellants had a better right to them than the appellee. It is also the duty of appellants to prove as against the appellee, their right in equity and good conscience to recover the tax. In other words, they must show that they have not been unjustly enriched by commingling with the cost price of the articles sold, the taxes in question, or that they did not conceal the taxes in question in the prices at which their products were sold so as to impose the burden of the tax on their customers.

The proof relied on by appellants as negativing the inclusion of the tax in the sales price is far from being of that clear and satisfactory character, which would justify the court in determining it to be conclusive. The question was therefore for the lower court to decide.

Judgment affirmed.