**GOLDEN EAGLE FARM PRODUCTS, Inc., v. APPROVED DEHYDRATING CO., Inc.**

**No. 208.**

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1945.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

J. Bertram Wegman, of New York City (Emanuel H. Reichart, of New York City, of counsel), for appellant.

Underhill & Rubinger, of New York City (Maurice Rubinger and Robert Jacobs, both of New York City, of counsel), for appellee.

FRANK, Circuit Judge.

Appellee contends that, as on the issue of whether the eggs had been adulterated before receipt by the defendant, there was solely the uncontradicted testimony of its witnesses, we must apply the rule that, in such circumstances, there is no question which may properly be submitted to the jury. We need not discuss that rule and its many exceptions.[1] For here there is ample testimony which, at least in an indirect manner, contradicts what defendant's witnesses said. It was for the jury to determine whether the assertions of the defendant's witnesses that the sugar was added before the defendant received the eggs, or the plaintiff's witnesses that the sugar could not have been added before the defendant processed them, was true.

There was no error in admitting the chart showing the general layout of a spray drying plant. The chart was used solely for the purpose of explaining the evidence, and the defendant introduced evidence showing that the plant in the diagram differed from its own, primarily in

[1] See 8 A.L.R. 796. Cf. Pariso v. Towse, 2 Cir., 45 F.2d 962, 965; Fire Association of Phila. v. Mechlowitz, 2 Cir., 266 F. 322, 325; Sigua Iron Co. v. Greene, 2 Cir., 88 F. 207, 212. The rule has been rejected in some jurisdictions. As to the exceptions, see, e.g., Andrew Jergens Co. v. Conner, 2 Cir., 125 F.2d 686, 689; Mutual Life Ins. Co. of N. Y. v. Sargent, 5 Cir., 51 F.2d 4, 6; Sonnentheil v. Moerlin Brewing Co., 172 U.S. 401, 408, 19 S. Ct. 233, 43 L.Ed. 492; Chesapeake & O. R. Co. v. Martin, 283 U.S. 209, 216, 51 S. Ct. 453, 75 L.Ed. 983; The Dauntless, 9 Cir., 129 F. 715, 720, 721; Grand Trunk Ry. Co. v. Cobleigh, 2 Cir., 78 F. 784, 786; 72 A.L.R. 27.

It is perhaps arguable that the federal courts do not apply this rule when the trier of the facts is a judge, referee or master. See, e.g., Brenner v. Gaunce, 9 Cir., 28 F. 2d 606, 607; Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686, 689.

A somewhat cynical commentator has said: "As applied to uncontradicted testimony there are two broad rules: one, that the uncontradicted testimony of a witness is for the jury; the other, that the jury may not arbitrarily reject the uncontradicted testimony of a witness; and the courts apply one or the other as they mean to leave the matter to the jury, or to interfere. In the statement of these two rules the courts sometimes give preference to the power of the jury, and sometimes, on the other hand, require the jury to accept uncontradicted testimony unless there is some apparent reason against it." 8 A.L. R. 796, 797.

that the defendant used a horizontal spray and the diagram indicated a vertical spray. The admission of the diagram was clearly within the discretion of the court. And the following statement by the court cleared up any ambiguity as to its use: "The Court: It is understood that this diagram in no way indicates the plant, dehydration plant of the defendant * * * But it does indicate the general principles for the benefit of the jury."

■ Nor was there error in permitting the demonstration indicating that nulomoline changed the color of the liquid eggs. It was made clear that the plaintiff was not attempting to prove that nulomoline was the sugar product used to adulterate the eggs, but was merely using the demonstration to show that a sugar product would change the color. This, too, was a matter within the trial court's discretion.

Affirmed.

