RIVIERA MANUFACTURING CO., Inc.,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. C–1026.

United States District Court
D. Colorado.

Sept. 17, 1969.

Robert F. Fiori and Jorge E. Castillo, Denver, Colo., for plaintiff.

James P. Parker, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., and James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This action was tried to the Court. Plaintiff seeks refund of $66,079.57 in excise taxes collected by the government under the purported authority of § 4061 of the Internal Revenue Code of 1954. The taxes were paid by the plaintiff as manufacturer's excise taxes on portable campers. The government concedes that campers were not taxable under § 4061. The following facts were either stipulated by the parties or brought out at trial.

Plaintiff Riviera is a Colorado corporation engaged in the manufacture of campers for pick-up trucks. Campers are boxlike units which serve the purpose of house trailers, but are mounted on pick-up bodies. Riviera was incorporated under Colorado law in 1963. It has manufactured and sold campers since that time. The taxes in question were collected from January 1964 to June 22, 1965. On that date the Excise Tax Reduction Act of 1965, P.L. 89–44, 79 Stat. 136, 26 U.S.C. § 4063, became effective.

Plaintiff issued price lists on May 1, 1965, July 1, 1965, January 15, 1966 and May 16, 1966. All of these lists, with the exception of that of July 1, 1965, show an increase in the price of the campers. The July 1 list, which was made retroactive to June 22, shows a de-

crease of approximately 8 percent or about $100 per unit. This amount is roughly equal to the amount of plaintiff's tax saving resulting from the Excise Tax Reduction Act of 1965. This Act, as noted above, became effective on June 22 of that year.

The taxpayer here seeks to recover under § 6416 of the Internal Revenue Code of 1954. That section provides in pertinent part as follows:

§ 6416. *Certain taxes on sales and services*

(a) *Condition to allowance*

(1) *General rule.*—No credit or refund of any overpayment of tax imposed by chapter 31 (retailers taxes), or chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary or his delegate, that he—

(A) has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

&ast; &ast; &ast; &ast; &ast; &ast;

(26 U.S.C. § 6416)

The law governing application of this section and its predecessors is clear: One seeking recovery must prove that he bore the economic burden of the tax and did not pass it on to distributors or ultimate consumers. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 (1934); Rogue River Trailer Manufacturing Co. v. United States, 267 F.Supp. 272 (D.C. Ore.1966). It is also clear that the taxpayer seeking recovery has the burden of proof. The proof must be clear and decisive. Andrew Jergens Co. v. Conner, 125 F.2d 686 (6th Cir. 1942); Rogue River Trailer Manufacturing Co. v. United States, *supra.* For the reasons stated below we find that the taxpayer here did not meet that burden.

The plaintiff's problem in this case is that it has produced evidence which is

consistent with the claim, but it has produced none that proves it. The corporation first asserts that its initial prices for the campers were based solely on a cost study previously made by Tropicana, another camper manufacturer, and that cost study included no excise tax item. The cost study was not produced. But even if this was the case, the mere absence of the excise tax as a separate item on a paper cost study does not prove that the tax was not in fact passed on by Tropicana. The tax could easily have been concealed in the profit margin shown on the cost study. *See* Andrew Jergens Co. v. Conner, *supra.*

The taxpayer demonstrated that its profits and the salaries of its officers were low during the first year of its existence. We are urged to conclude that this fact was a result of plaintiff's having borne the burden of the tax. We are unable to do so. One would normally expect a new business to have low profits as a result of inexperience, lack of established reputation and customers, etc. In fact the only evidence produced by the plaintiff supports this expectation: Plaintiff's president testified that his work force was inexperienced and inefficient in the initial months of the operation. The only evidence that the proposition offered is true is the naked assertion of plaintiff's president. This is not enough. *See* GorDag Industries, Inc., v. United States, 63–2 U.S.T.C. par. 15, 532; Commerce-Pacific, Inc., v. United States, 175 F.Supp. 227 (S.D. Cal.1959), aff'd 278 F.2d 651 (9th Cir. 1960).

Plaintiff's major contention is that its prices were set solely by competition, with no provision for inclusion of the excise tax. It asserts that the price decrease effective June 22, 1965 was the result of a competitor's having reduced prices. The contention is that if a manufacturer's prices are forced by competition it is not passing the burden of the tax on to the customers. We disagree. The fact that prices are set by the market does not necessarily mean that there is no tax component included in the

price. GorDag Industries, Inc., v. United States, *supra*. Plaintiff, in support of its proposition, relies on Con-Rod Exchange v. Henricksen, 28 F.Supp. 924 (D.C.Wash.1939). But in that case the court explicitly noted the fact that when the plaintiff's tax burden was increased, his prices did not change. The converse of that situation is not true here. When the plaintiff's tax burden was decreased, his prices went down by an amount approximately equal to the tax saving. *Con-Rod Exchange* is, therefore, not in point.

Plaintiff next showed that subsequent to the price decrease of June 22, 1965, prices were increased, eventually to the pre-June 22 level. Plaintiff hopes that we will infer from this fact that the price decrease was a temporary expedient forced solely by competition and only later was the corporation able to benefit from the June 22 tax relief. Had the taxpayer produced evidence, other than self-serving testimony at trial, that these later increases were not due to factors such as increased costs and inflation, and had in fact resulted in higher profits, this inference would have been at least plausible. But again the only evidence is to the contrary. In a letter to dealers dated September 10, 1965, plaintiff's president justified the impending January increases as necessary due to increased costs. The reason for the increase of the following May is unrevealed. We are, therefore, unable to follow plaintiff's inference.

Finally, plaintiff urges that it did not list the tax on its invoices. The courts have consistently held that this is not sufficient to prove that the taxpayer bore the burden of the tax. Andrew Jergens Co. v. Conner, *supra*; Norris Dispensers, Inc., v. United States, 325 F.2d 140 (8th Cir. 1963).

The above factors constitute the evidence upon which plaintiff relies to support its claim that it bore the economic burden of the tax in question. As previously noted, none of those factors are inconsistent with his claim. And we agree with the plaintiff that no single factor is controlling. Rather, all of the factors must be weighed. Anderson Co. v. United States, 69–2 U.S.T.C., par. 15,-902. The problem is that none of the evidence produced by the plaintiff engages the blunt fact that when the tax was removed, plaintiff reduced its prices by approximately the amount of its tax saving. This is a compelling indication that regardless of the form of plaintiff's transactions, the real result was to pass the tax burden on to customers. Plaintiff's president's letter of June 30, 1965 in which he announces the retroactive price cut, referring specifically to the Excise Tax Reduction Act of 1965, makes irresistible the conclusion that the corporation was not bearing the burden of the tax. We so find. Judgment will therefore be entered for the defendant.

The foregoing constitutes the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.