**RIVIERA MANUFACTURING CO., Inc., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–70.**

United States Court of Appeals, Tenth Circuit.

April 12, 1971.

Jorge E. Castillo, Denver, Colo. (Robert F. Fiori, Denver, Colo., was on the brief) for plaintiff-appellant.

Charles E. Anderson, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Richard W. Perkins, Attys., Dept. of Justice and James L. Treece, U. S. Atty., of counsel, were with him on the brief) for defendant-appellee.

Before LEWIS, Chief Judge, and JOHNSEN,* and HOLLOWAY, Circuit Judges.

PER CURIAM.

The taxpayer appeals from a denial of refund of manufacturers' Federal excise taxes on portable campers. It is conceded that the taxes were erroneously collected under 26 U.S.C.A. § 4061. The central issue is whether the taxpayer showed that it bore the economic burden of the tax to satisfy 26 U.S.C.A. § 6416(a) (1) so as to be entitled to recover. Otherwise recovery is denied to prevent unjust enrichment. See Travel Industries of Kansas, Inc. v. United States, 425 F.2d 1297 (10th Cir.). The District Court found against the taxpayer on that issue. See Memorandum Opinion And Order, 307 F.Supp. 916. The facts are fully stated in the Memorandum Opinion.

On appeal the taxpayer says that the Court erred in requiring clear and decisive proof from it on the principal issue; in failing to understand the purpose of certain proof; and in finding persuasive against the taxpayer the fact that when the tax was eliminated by statute a price reduction roughly equal to the tax was made, the taxpayer arguing instead that the tax reduction was shown to have been forced by competition. And it is argued that compliance with § 6416(a) (1) was established.

We conclude that the standard used by the District Court in weighing the proof was proper in the circumstances presented.[1] The remaining contentions are in essence an argument that the findings of fact were clearly erroneous. We cannot agree and are satisfied that the record supports the findings which show no error in analysis or result. The weighing of the proof was for the District Court and its findings may not be disturbed since they were not clearly erroneous. Rule 52(a), F.R. Civ.P.; Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470. In sum, we conclude that on this record we should accept the findings and conclusions as stated in the Memorandum Opinion which amply covers the issues.

Affirmed.

---

* Of the Eighth Circuit, sitting by designation.

1. The District Court pointed to circumstances indicative of the tax being passed on. In such circumstances, and in a type of case where the claimant had access to all the evidence, we feel it was not unreasonable to look for proof from the claimant that was clear and decisive to establish, as the statute requires, that the tax was not passed on. See Andrew Jergens Co. v. Conner, 125 F.2d 686, 689 (6th Cir.).