**JDS REALTY CORP., formerly known as WEST INDIES CORP., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and ANTHONY OLIVE, Director of Internal Revenue, Defendants**

Civil No. 81-183

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 30, 1986

ARTHUR POMERANTZ, ESQ., St. Thomas, V.I., *for plaintiff*

KARL R. PERCELL, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## OPINION

Before the Court is the motion of the defendants Government of the Virgin Islands and its Director of Internal Revenue requesting that we reconsider our Order dated August 14, 1984, and Memorandum Opinion of August 24, 1984.

The first contention raised by the defendants is that this Court erred in declaring the Virgin Islands Excise Tax (33 V.I.C. § 42) invalid on the grounds that it violates the Commerce and Import/Export clauses of the Constitution of the United States. According to defendants, the issue is whether an unincorporated territory is subject to the Constitution of the United States in every respect except where expressly exempted, or whether it is fully regulated by Congress and subject only to those provisions of the Constitution which are expressly made applicable by the Congress, barring those constitutional provisions respecting individual and personal fundamental rights. This issue was thoroughly addressed by the Court in its Memorandum Opinion of August 24, 1984. There we unequivocally stated that while defendants' factual premise that an unincorporated territory is subject only to those provisions of the Constitution which are made to expressly apply by the Congress is accurate, their conclusion that the Commerce Clause is therefore inapplicable to the Virgin Islands ignores the structural role of the Commerce Clause in our federal system.

Defendants repeatedly assert that this Court failed to recognize that the authority granted Congress in its regulation of the territories is plenary. As stated previously by this Court in its memorandum opinion:

> That Congress has plenary power over the territories by virtue of Article IV, Section 3, Clause 2 of the Constitution cannot be gainsaid. That the Commerce Clause and, for that matter, the Import/Export Clause do not embody fundamental personal rights is self-evident. What defendant fails to grasp is that the constitutional grant to Congress of plenary authority to regulate interstate and foreign commerce substantiates a fundamental principle of our federal system of government.

> By holding that both the Commerce and Import/Export Clauses delimit the taxing power of the Government of the Virgin Islands, we do not extend to those residing in this Territory constitutional protection in excess of that

contemplated by Congress or guaranteed by the Constitution even to residents of unincorporated territories. Rather, we reach the unremarkable conclusion that a territory devoid of the sovereign power reserved to the States under the Constitution, may not, consonant with the Constitution, disregard fundamental structural limitations on the economic power of the States which lie at the core of our federalism.

Mem. Op. at 5-6, JDS Realty Corp.

Defendants further dispute the application of the Commerce Clause of the Constitution to the Virgin Islands. This Court and the United States Court of Appeals for the Third Circuit have repeatedly assumed the applicability of the Commerce Clause in scrutinizing various challenged actions of the territorial government. See.id. at 4. We referred the defendants to Southerland v. St. Croix Taxi Association, 315 F.2d 364 (3d Cir. 1963) in which the Third Circuit held that the challenged franchise agreement between defendant Taxi Association and defendant government "runs afoul of the Commerce Clause of the Constitution." Id. at 369.

Defendants' second contention is that consideration of a constitutional question must be a matter of last resort and that this case may be fairly determined without passing on the constitutionality of the subject statute. Again we agree with the principle espoused, but disagree with the conclusion reached. The plaintiff's right to recover flows from the constitutionality, vel non, of the statute in question. There is no other issue upon which the plaintiff's claim could have been adjudicated.

We must also reject the defendants' assertion that the plaintiff had no standing initially in view of this Court's finding that the burden of the tax was passed on to the plaintiff's customers. Plaintiff in its petition seeking refund of excise taxes asserted that it had paid excise taxes and had subsequently filed a claim for refund. Plaintiff based its claim for a refund on the grounds that the assessment and collection of the excise taxes and the failure to return same were improper, illegal and unconstitutional. In so pleading, plaintiff alleged a direct injury flowing straightly from the imposition of the tax which it was required to pay. The plaintiff does not claim that it collected the tax from the customers and afterwards accounted for it to the defendants. The allegations would have withstood a "standing" attack had one been initially launched. Thus, this belated charge must fail.

■ That the plaintiff was unable to prove that it bore the ultimate burden of the tax is not dispositive of its claim that an excise tax was being imposed on articles brought in by it for business purposes and that no such tax was imposed on ,similar articles made in the Virgin Islands. Defendants' liability having been established, the Court then turned to the issue of damages only to find that the plaintiff was not entitled to a recovery on that score. Our finding that plaintiff in fact recouped any money it had laid out by passing on the burden of the import to its customers does not vitiate plaintiff's claim that it had been forced to pay an unconstitutional tax.

In support of their contention that this case may be fairly determined without passing on the constitutionality of the subject statute, defendants cite us to three cases, each of which is distinguishable. In Jergens Co. v. Conner, 125 F.2d 686 (6th Cir. 1942), the issue is not the constitutionality vel non of a manufacturer's excise tax but whether the plaintiffs had a right to recover on alleged overpayment of said tax. The case was decided against the plaintiffs based on a specific statute which provided that no overpayment of a manufacturer's excise tax shall be refunded unless the manufacturer shows that he has not included the tax in the price of the article with respect to which the tax was imposed. No analogous statute is to be found in this jurisdiction.

In Cook v. Sears, Roebuck & Co., 206 S.W.2d 20 (Ark. 1947), another case relied on by defendants, a chain store owner obtained a permit from the state of Arkansas under the Gross Receipts Tax Act to collect the sales tax from its customers. The chain store owner then sought to retain or recover from the state the taxes paid. The questions presented on appeal were, "whether the Arkansas Gross Receipts Tax, as levied by Act 386 of 1941, is applicable to the transactions described [above]" and whether the chain store owner "is prevented by its conduct, from obtaining an answer to the first question." The Court concluded that the chain store owner's status is that of a tax collector and that the rule against unjust enrichment is a bar to the owner's effort to recover or retain the tax collected from its customers under this Tax Act. The court then held that Sears, Roebuck & Co. by its conduct is prevented from obtaining an answer to the question of whether the Arkansas Gross Receipts Tax, as levied by Act 386 of 1941, is applicable to the transactions in which the store owner engaged. No constitutional issue was raised in Cook v. Sears, Roebuck & Co.

Finally, in Shannon v. Hughes & Co., 206 S.W.2d 1174 (Ky. 1937), the trial court adjudged that the challenged tax was invalid and granted the plaintiff the relief it sought. On appeal, the part of the judgment adjudging the act invalid was affirmed. However, the other portion of the judgment insofar as it permitted the appellee, a corporation engaged in the business of manufacturing and selling ice cream and allied products, to recover taxes it had collected from its vendees, was reversed. Although the appellate court found that the vendees and not the appellee corporation bore the burden of the tax, it nonetheless affirmed the judgment insofar as the trial court adjudged the act invalid. In so doing, the court stated that the validity of the act in question is controlled by Martin v. Nocero Ice Cream Company, 106 S.W.2d 64 (Ky. 1937). It did not decline to review the action to determine whether said action was in fact controlled by the Martin case. Nor did the appellate court remand the action ordering that it be dismissed on the ground that the appellee corporation had no right to recover the taxes, as the defendants in the instant action are requesting that we do.

■ On all the foregoing, therefore, the motion for reconsideration will be denied.

## ORDER

The Court having filed its Opinion of even date herewith, and being otherwise fully advised in the premises,

IT IS ORDERED that the motion of the defendants Government of the Virgin Islands and its Director of Internal Revenue requesting that the court reconsider its Order dated August 14, 1984, and Memorandum Opinion of August 24, 1984, be, and the same is hereby DENIED.