COMMERCE–PACIFIC, INC., a corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16670.

United States Court of Appeals Ninth Circuit.

May 25, 1960.

George Bouchard, Los Angeles, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, C. Guy Tadlock, Lloyd J. Keno, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Lillian W. Stanley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

The basic question presented by this appeal is whether certain jointed bamboo cane poles are "fishing rods" within the meaning of Section 3406(a) (1) of the Internal Revenue Code of 1939, as amended (26 U.S.C.A. § 3406), and Section 4161 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 4161), and therefore subject to manufacturer's excise tax which is imposed on sporting goods.

Jurisdiction was conferred on the district court by Title 28 U.S.C.A. § 1346.

Jurisdiction of this Court is based on Title 28 U.S.C.A. §§ 1291 and 1294.

The following facts are not in dispute: Appellant is a California corporation. Among the articles which it imports from Japan are certain jointed bamboo cane poles. When received by appellant such jointed bamboo cane poles have been straightened, scraped, varnished or lacquered, painted, cut in two, three or four sections, and fitted with ferrules or other means by which the sections might be joined together. At the end of each bamboo cane pole a small wire loop is attached by winding thread and applying paint or adhesive to the bamboo cane pole. The purpose of the small wire loop is to provide a place to tie a line or string for fishing. These bamboo cane poles were prepared and used for fishing purposes.

During the period involved in this appeal, appellant filed timely quarterly excise tax returns and made timely payments of the manufacturer's excise tax on sales of the jointed bamboo cane poles involved in this action. Appellant timely filed a proper claim for refund of the excise taxes paid. When no action was taken on the claim for more than six months, the suit was instituted.

The district court held that the jointed bamboo cane poles imported and sold by appellant constitute "fishing rods" within the meaning of Section 3406(a) (1) of the Internal Revenue Code of 1939, and Section 4161 of the Internal Revenue Code of 1954.

Appellant concedes that if the jointed bamboo cane poles which were imported and sold by appellant are "fishing rods" they are subject to the tax.

Appellant's specifications of error are:

1. That the district court erred in holding that the jointed bamboo cane poles imported and sold by appellant constitute fishing rods within the meaning of the sections above cited, and in holding that the sales by appellant of such poles are subject to the manufacturer's excise taxes under the provisions of the sections referred to.

2. That the district court erred in holding that the appellant did not sustain the burden of proving that it did not pass the manufacturer's excise tax on to its vendees, in accordance with Title 26 U.S.C.A. § 4161 of the Internal Revenue Code of 1954.

3. That the district court erred in refusing to receive in evidence Exhibits for identification 5, 6 and 7.

Chapter 32 of the Internal Revenue Code of 1954 deals with manufacturers' excise taxes. Subchapter D of Chapter 32 is titled "Recreational Equipment". Part 1 of said Subchapter D is titled "Sporting Goods". Section 4161 provides for the imposition of the tax, and in its pertinent parts is as follows:

"§ 4161. Imposition of tax [1]

"There is hereby imposed upon the sale by the manufacturer, producer, or importer of the following articles (including in each case parts or accessories of such articles sold on or in connection therewith, or with the sale thereof) a tax equivalent to 10 percent of the price for which so sold:

\* \* \* \* \* \*

"Fishing rods, creels, reels and artificial lures, baits and flies."

The Treasury Regulations, so far as material in this case, are as follows:

Treasury Regulations 46:

"Sec. 316.90

"Scope of Tax.—(a) For the period October 1, 1941, to October 31, 1951, inclusive.—(1) Subsection (a) (1) of section 3406, I.R.C., as added by section 551 of the Revenue Act of 1941, imposes a tax on sales by the manufacturer of the specified articles, equipment, and apparatus, including in each case parts or accessories therefor sold on or in connec-

---

1. Sec. 3406(a) (1) of the Internal Revenue Code of 1939, as amended (26 U.S.C.A. § 3406) is identical in substance.

tion therewith, or with the sale thereof.

\* \* \* \* \* \*

"(4) The tax does not attach (unless otherwise indicated in subsection 3406(a) (1)) to articles which, in view of their size, quality, or the substance of their material, are not capable of being used in the playing of any game, athletic event, sport, or as gymnasium equipment."

"Sec. 316.91 [as added by T.D. 5099, and amended by T.D. 6029] Rates of Tax.—The tax is payable by the manufacturer on the sale price of the articles listed at the rates specified below:

|  | Percent |
|---|---|
| "(a) All articles except fishing tackle: | |
| October 1, 1941 to October 31, 1951, inclusive | 10 |
| November 1, 1951 to March 31, 1954, inclusive | 15 |
| On and after April 1, 1954 | 10 |
| "(b) Fishing tackle: | |
| All periods | 10." |

Treasury Regulations on Excise Taxes (1954 Code)

"Sec. 48.4161–1 Imposition and Rate of Tax.

"(a) Imposition of tax—(1) In General. Section 4161 imposes a tax on the sale of the following articles (including in each case parts or accessories of such articles sold on or in connection therewith, or with the sale thereof) by the manufacturer, producer, or importer thereof:

\* \* \* \* \* \*

"Fishing rods, creels, reels and artificial lures, baits and flies.

\* \* \* \* \* \*

"(b) Rate of tax. Tax is imposed on the sale of the articles enumerated in section 4161 and paragraph (a) (1) of this section at the rate of 10 percent of the price for which such articles are sold."

The thrust of appellant's argument appears to be that the jointed bamboo cane poles in question cannot be classified as "fishing rods" because such poles cannot be used for sport fishing, although appellant concedes that such jointed bamboo cane poles were prepared, sold and used for fishing. Appellant further concedes that such poles are "fishing tackle" within the ordinary meaning of that term.

■ The statute does not limit the tax to items used in "sport fishing". No such limitation can be implied from the fact that part 1 of subchapter D is titled "sporting goods". Part 1 appears under subchapter D, which is titled "recreational equipment". The terms "recreational equipment" and "sporting goods" connote equipment and goods generally used in recreation, pastimes, games, diversion and amusement. Such terms are not limited to sporting goods or athletic equipment used in a particular or specialized manner by those who may be engaged in a particular recreational activity, pastime, game or amusement.

■ Appellant contends that the district court was bound by the testimony of the expert witnesses called by appellant who testified that a distinction is commonly recognized in the sporting goods trade or world between a fishing pole and a fishing rod. From such testimony appellant argues that since the appellee produced no witness to show "that a fishing pole meant the same in the trade as a fishing rod" the findings of fact and conclusions of law of the district court, holding that the articles in question were fishing rods within the mean-

ing of the statute imposing a tax on such articles, are directly contrary to the only evidence before the court. Appellant recognizes in his brief that in construction of the statute here involved the words of the statute must be accepted in their ordinary and every day meaning. This rule of construction was stated by this Court in Herring Magic v. United States, 9 Cir., 1958, 258 F.2d 197. The sole question presented in that case was whether the patented device manufactured and sold by the appellant in that case was an "artificial lure" within the purview of Title 26 U.S.C.A. § 4161. This Court stated at page 198:

"Because the statute sets out no definition of 'artificial lure' those words must be accepted in their ordinary and everyday meaning."

The same rule of construction was applied by the Court of Claims in Hine v. United States, 113 F.Supp. 340, 125 Ct. Cl. 836. In that case the sole question involved was whether fishing rod kits were "fishing rods" within the meaning of Section 3406(a) (1) of the Internal Revenue Code of 1939, as amended, which is substantially identical to the statute in question. At page 343 of 113 F.Supp. the court stated:

" * * * we feel this product falls within the commonly understood and accepted meaning of the term 'fishing rod.' This court has consistently held that words of a statute should be presumed to be used in their ordinary and usual sense within the meaning commonly attributed to them, unless the contrary clearly appears."

The statute in question does not define the term "fishing rod." Webster's New International Dictionary, Second Edition, Unabridged, contains the following definitions: "Rod: a support for a fishing line; a fish pole." "Fishing pole: a slender tapering pole to which a line is attached, used in fishing." "Fishing rod: a springy tapering rod of wood, split bamboo, steel, etc., made with several joints and used in fishing." It is to be noted that the definition of "fishing pole" makes no mention of joints. The definition of "fishing rod" states that it is made with several joints and is used in fishing.

The record discloses that the articles in question were imported and sold by appellant in the form received. The manufacturing process is essentially as follows: The bamboo cane poles are straightened and scraped. They are then cut into two, three or four sections. One end is reamed and the other end tapered, and the two ends are fitted with ferrules or other fittings so that the sections may be taken apart to be easily carried, and when the sections are put together they form a pole or rod for fishing. The jointed cane poles are also varnished or lacquered to create a finish. Small wire loops are attached to the end so that a fishing line may be tied to it. Thread is wrapped around portions of the shaft to strengthen it. It appears to us that the dictionary definitions make no meaningful distinction between fishing rods and the jointed bamboo poles in question.

Appellant relies heavily on the case of National Carloading Corp. v. United States, 1955, 36 Customs Court Reports 309. Title 19 U.S.C.A. § 1001 states, " * * * there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States * * * the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title * * * " therein set forth. Paragraph 1535, as amended July 17, 1952 [c. 928, § 3, 63 Stat. 757] provides:

"Par. 1535. Artificial flies, snelled hooks, leaders or casts, finished or unfinished, 55 per centum ad valorem; fishing rods and reels, and parts thereof, finished or unfinished, not specifically provided for, 55 per centum ad valorem; fish hooks, artificial baits, and all other fishing tackle and parts thereof, fly books, fly boxes, fishing baskets or creels, finished or unfinished, not specifically provided for, except fishing lines,

fishing nets, and seines, 45 per centum ad valorem."

The Customs Court decided that for the purpose of the Tariff Act bamboo poles with a single fitted joint and string wrapped around the bamboo for support were not "fishing rods" but were "fishing tackle", and hence taxable at a lesser rate. It appears that the Treasury Department has acquiesced in the holding of the National Carloading decision in a number of cases. Appellant argues that an anomalous situation is created if an article is deemed to be a "fishing rod" for the purpose of excise tax law and not a "fishing rod" for the purpose of customs duties. Appellant's argument is not convincing for several reasons. In the first place, it is to be noted that Paragraph 1535 of Section 1001 differs in form and substance from the excise statute in question. It breaks down the general category of fishing tackle into considerably more detail than does Section 4161 of Title 26 U.S.C.A. Section 4161 does not mention "fishing tackle", whereas Paragraph 1535, after mentioning fishing rods and reels upon which a duty of 55 per cent tariff is imposed, states that on fish hooks, artificial baits, and all other fishing tackle and parts therefor not specifically provided for, a lower tariff is imposed. A tariff is thus imposed on both categories. In our view, the decision of the Customs Court construing a different statute does not preclude the classification of the jointed bamboo cane poles as "fishing rods" under a different statute which speaks in much broader terms. In the second place, it appears that the articles before the Customs Court were essentially different from the jointed bamboo cane poles in issue in this case. The poles before the Customs Court had only one joint, whereas the poles in the instant case were cut into two, three or four sections, and the ends of some of the sections were fitted with metal ferrules so as to strengthen them and make them fit together better, and wrapped to strengthen the shaft and other parts of the pole. Finally, the same word may have different meanings when used in different statutes. This is especially true where the statutes differ in form and substance, as is the situation here.

The appellant states that the district court's memorandum opinion "shows that the court had grave doubt about the matter and yet the district judge resolved the doubt in favor of the government and against the taxpayer." Appellant then cites authorities holding that in the construction of a revenue act doubts should be resolved in favor of the taxpayer and against the government. We find such authorities inapposite in view of the following statement in the memorandum opinion of the district court: "It is my considered view that the articles involved were 'fishing rods' within the meaning of § 4161, I.R.C.1954 and § 3406(a) (1) I.R.C.1939, not something separate and distinct." [175 F. Supp. 229]

With respect to appellant's specification of error that the district court erred in refusing to receive in evidence Exhibits for identification 5, 6 and 7, it appears that such exhibits were never offered in evidence by the appellant. It further appears that Exhibit 2 which appellant states was received in evidence by the trial court was in fact not received in evidence, but simply marked for identification. Such facts were conceded by appellant's counsel at the time of the oral argument before this Court.

In our view the district court correctly decided that the jointed bamboo cane poles here in issue are "fishing rods" within the meaning of Section 4161 of the Internal Revenue Code of 1954. They were, therefore, properly taxable and the judgment of the lower court must be and is affirmed. In view of such conclusion we deem it unnecessary to consider or to pass upon appellant's second specification of error hereinbefore set out.

Judgment affirmed.