**Salvador PEREZ, doing business as Tuk-A-Way Trailer Company, Plaintiff-Appellee,**

**v.**

**UNITED STATES of America, Defendant-Appellant.**

**No. 23852.**

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1970.

Rehearing Denied Sept. 24, 1970.

Wm. Goldman (argued), Lee A. Jackson, Wm. A. Freidlander, Attys., Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Jerry J. Stern, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellant.

W. Rainbolt (argued), Rainbolt & Hay, Long Beach, Cal., for plaintiff-appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Taxpayer, Salvador Perez, doing business as Tuk-A-Way Trailer Co., manufactures and sells "pickup coaches." In January, 1967, Perez filed suit in the United States District Court, Central District of California, for the refund of federal excise taxes assessed and collected between April, 1960 and June, 1963. The District Court found in taxpayer's favor and awarded him a judgment of $19,299.60. The government appeals challenging the sufficiency of the evidence to support the District Court's finding that Perez did not collect the excise tax from his customers by including the tax in his prices for "pickup coaches." I.R.C. § 6416(a) (1) (A) (1954). The government emphasizes the very heavy burden of proof that must be met by the taxpayer in such cases as this. See Norris Dispensers, Inc. v. United States, 8 Cir., 1963, 325 F.2d 140; Commerce-Pacific Inc. v. United States, S.D.Cal.1959, 175 F.Supp. 227, aff'd. 9 Cir., 1960, 278 F.2d 651. It urges that the taxpayer did not meet that burden. After reviewing the evidence presented at trial, we hold that the taxpayer met the burden and that the District Court's findings are not "clearly erroneous."

Affirmed.

---

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.