### COHEN v. COMMISSIONER OF INTERNAL REVENUE.

### STEIN v. SAME.

### Nos. 193, 194.

Circuit Court of Appeals, Second Circuit.

March 23, 1945.

A. Loeb Salkin, of New York City (Maer I. Levey, of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Leonard Sarner, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

In 1939 the taxpayers paid $15,000 to Edwards Development Corporation which they caused to be organized under the laws of Illinois with an authorized capital of 100 shares without par value. The directors of the corporation set the value of the stock at $10 per share and directed its sale at that figure. The corporate enterprise proved a failure and in 1940 the corporation was dissolved, only a small part of their $15,000 payment being returned to the taxpayers. It is their contention that their payment should be segregated into two parts, $1,000 thereof being allocated as a capital investment in the stock and $14,000 as a loan, and that they are entitled respectively to bad debt deductions of $3,546.86 and $7,093.72. The commissioner, however, determined that their losses were short term capital losses and that the allowable deduction was subject to the limitations of section 117(d) of the Internal Revenue Code as amended by section 212 of the Revenue Act of 1939, 53 Stat. 869, 26 U.S.C.A. Int.Rev.Code, § 117(d). The Tax Court approved the commissioner's determination.

Whether the $15,000 payment was wholly a capital contribution or to the extent of $14,000 a loan is a question of fact, and an appellate court has but a limited power of review over the Tax Court's determination of such a question. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner v. Scottish American Investment Co., 323 U.S. 119, 65 S.Ct. 169; Commissioner v. Wemyss, 65 S.Ct. 652. It is true that the Tax Court's

conclusion is directly contrary to the testimony of Mr. Harris and Mr. Stein. But as we suggested in Golden Eagle Farm Products, Inc., v. Approved Dehydrating Co., 2 Cir., 147 F.2d 359, footnote 1, if the uncontradicted witness rule applies at all when there is no jury, it must yield when there are facts which even indirectly may give rise to inferences contradicting the witness. In the case at bar such inferences may be drawn from undisputed facts: no notes or other evidences of indebtedness were given to the petitioners; no action was taken by the board of directors to assume liability on behalf of the corporation with respect to loans from the petitioners or to confirm any arrangement by the corporate officers obligating the corporation for such a loan; nor were any entries covering the transaction made on the books of the corporation until some time after July 31, 1940, which was shortly before dissolution of the corporation. While the informality of handling the transaction might not seem to us a fatally suspicious circumstance were we free to draw inferences from the evidence independently, we cannot say that the Tax Court's conclusion is without substantial support. See Janeway v. Commissioner, 2 Cir., 147 F.2d 602.

Orders affirmed.