## LOEB v. COMMISSIONER OF INTERNAL REVENUE.

### No. 174, Docket 22165.

United States Court of Appeals
Second Circuit.

Argued April 16, 1952.

Decided May 2, 1952.

Thomas I. Sheridan, New York City, for petitioner; Thomas I. Sheridan, and Lewis H. Ullman, New York City, of counsel.

Ellis N. Slack, Acting Asst. Atty. Gen., and Harry Baum, Sp. Asst. to Atty. Gen., for respondent.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

Essentially this appeal presents only an attack upon a finding of fact by the Tax Court, the resolution of which appears to be well justified. During the year 1943 the petitioner was engaged in the wholesale liquor business. The Tax Court found that he fraudulently failed to return two items of income in the amounts, respectively, of $19,500 and $41,407. The taxpayer admits the fraudulent failure to return the $19,500 item but contends that the black market payments totaling $41,407, concededly received by him, should not be charged to him as income because he did not retain them but paid them over to Warren-Winslow with whom he had a joint venture contract. The Tax Court was not bound to believe this story. See Cohen v. Commissioner, 2 Cir., 148 F.2d 336, 337. Not only was it inherently improbable but it was told by a taxpayer who had admitted fraudulent omission of other income. The Tax Court did not believe the taxpayer's story but found that he retained "these side payments" for his own use. Obviously this finding cannot be held clearly erroneous. The petitioner's argument that the Commissioner was estopped to assess the taxes in question is too fantastic to require discussion. See Guaranty Trust Co. of New York v. Commissioner, 2 Cir., 98 F.2d 62, 66.

Decision affirmed.