**F. C. WINTERS, Plaintiff-Appellant,**

v.

**V. Y. DALLMAN, Collector of Internal Revenue, Defendant-Appellee.**

**Nos. 11769, 11770.**

United States Court of Appeals
Seventh Circuit.

Dec. 11, 1956.

four farms in Illinois was not of such character as to pass to the wife as taxable income the rents therefrom, but rather of such nature as to make such income that of plaintiff properly taxable against him instead of against his wife.

The facts as found by the court are essentially as follows: Plaintiff is and has been for many years, a physician, surgeon and banker. He owned four farms, three of which were leased by written contract for three years, beginning March 1, 1941, and the other one of which was leased on an oral agreement, equivalent to a year to year tenancy. For many years prior to March 1, 1942, plaintiff had placed complete confidence in the tenants, who exercised their own judgment in managing the properties and, except in matters involving large capital expenditures, reported to plaintiff only after they had acted. During all these years, Mrs. Winters assisted her husband as receptionist, stenographer and bookkeeper. She kept all records pertaining to his profession and to his farms and had authority to sign and endorse checks in his name.

Early in 1942, plaintiff conceived the idea of reducing his income taxes. With this in mind, he approached an attorney, who prepared an instrument whereby plaintiff purported to lease to his wife the farms for a term of five years, subject to the rights of the tenants in possession, which was executed on March 1, 1942. It provided *inter alia,* that the wife would pay plaintiff as rent, taxes assessed against the farms, one-half of the cost of capital improvements made on the farm, cost of repairs or improvements, and premiums on insurance policies covering the improvements. These items comprised all the so-called rent. In addition, the lease purported to effect an assignment from plaintiff to his wife of all his interest in the rents, issues and profits from the operation of the four farms as they accrued from time to time after March 1, 1942 and all of his interest in the grain, hay and livestock on one of the farms. The instrument provided that it might be ter-

James B. Martin, Ensel, Martin, Jones & Blanchard, Springfield, Ill., for appellant.

Charles K. Rice, Asst. Atty. Gen., Walter Akerman, Jr., Atty., Dept. of Justice, Washington, D. C., John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., Lee A. Jackson, Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

In this appeal, plaintiff seeks to reverse a judgment of the district court denying his consolidated suits to recover additional taxes assessed by the Commissioner and paid by the taxpayer, refund of which was denied. These taxes were assessed additionally against plaintiff because the Commissioner believed that a lease by plaintiff to his wife of

minated at the option of either party upon giving written notice of the termination to the other, at least four months prior to the proposed termination date.

The lessee collected the rents from the tenants, paid plaintiff the items specified as rent, and accounted for the net income from the farms in her individual tax returns. Thereafter, the Commissioner, upon examination of the returns, determined that the farm income reported by plaintiff's wife should be added to plaintiff's taxable income and levied a deficiency against him in the sum of $6,-873.89, plus interest. Plaintiff paid the assessed additional tax and filed his suit for refund. The facts related thus far seem to be undisputed.

The court found further that on March 1, 1942, and thereafter, through and including the years here involved, neither plaintiff nor his wife intended the lease to have any legal effect other than to reduce plaintiff's income taxes; that the lease was not entered into in good faith by the parties but that their sole intention was to effectuate for only as long a period as plaintiff desired, a shifting of the income from all the farms, including that from the grain and livestock on one farm, from plaintiff to his wife; that each of them knew and intended that the farms would virtually run themselves, and that plaintiff would retain such control as he might deem necessary to exercise; that there was no proof that, after execution of the lease, the management and supervision of the farms changed in any material respect, and no proof that the profits and income from them and the grain and livestock were not enjoyed by plaintiff after March 1, 1942, to the same extent as they had been prior thereto.

Upon appeal plaintiff insists that the lease given by plaintiff to his wife constituted a valid assignment; that the judgments should be reversed because, first, they are unsupported by substantial evidence, and, second, that, at any event, the income derived from livestock and grain should not have been added to plaintiff's income.

The court's findings of fact as to the lack of good faith in execution of the lease and other findings related thereto, seemed to have been based largely upon the testimony of plaintiff, his wife and the tenants. Of course, the question of credibility of witnesses testifying by parol before the trial court is properly addressed to that court and not to a court of review. The manner and decorum of the witnesses, the reasonableness or unreasonableness of their stories, their interest in the subject matter and other circumstances appearing in the trial, are questions with which the trial court is properly concerned, and unless there is no substantial evidence to support the findings it is our duty to accept them. We can reverse, obviously, only if the findings are clearly erroneous. Manifestly, in deciding the facts, the trial court has the right to consider not only the parol testimony but also the facts and circumstances in evidence, and to draw from them such inferences as are justifiable. It is not compelled to give credit to testimony which is indefinite, uncorroborated, conflicting, fantastic or unrealistic. Quock Ting v. United States, 140 U.S. 417, 11 S.Ct. 733, 35 L. Ed. 501. Nor is it bound to give credence to testimony "when there are facts which even indirectly may give rise to inferences contradicting the witness." Cohen v. Commissioner, 2 Cir., 148 F.2d 336, 337.

In view of the argument made in behalf of plaintiff, we have examined all of the evidence and conclude that there is no justification for us to hold that the findings of the district court were clearly erroneous. Indeed, we are of the opinion that that court was amply warranted in saying, as a matter of law, that the character of the purported lease, the provisions thereof and the essential effect thereof, were such that the lease amounted merely to an assignment of the net profits from the farms for a period of five years; said profits to be determined by the gross proceeds from the farms, less the expenses in producing the same and less only such addition-

al expenses as any owner of real estate is bound to pay, such as taxes, repairs, and insurance premiums. In other words, the rent promised to be paid by the lessee consisted merely of the expenses which the landlord as owner was bound to pay at all events, in order to conserve his property. No part of the net income from the farms, no part of the rents received, no part of the proceeds of sale of capital investment or of increment in value were to be paid by the lessee to the lessor. In other words, when he received the money for the purpose of paying taxes, insurance and repairs, he received only that which would make him whole for the owner's necessary expenses of the farms. For the assignment of the income from the farms to his wife, he was reimbursed in no manner whatsoever. Furthermore, the lessor retained in himself the power to cancel the contract at any moment,— the unlimited power of revocation upon notice. On its face, then, the contract was more than a lease; it was an assignment of the anticipatory income to accrue for the next five years. Under the authorities, we think these circumstances entirely sufficient to justify the court in finding that the Commissioner correctly charged plaintiff with the income.

We think this case is not at odds with our decisions in Hulbert v. Commissioner, 227 F.2d 399, and the cases cited there at page 401. Nor do we think it can be distinguished from Galt v. Commissioner, decided by this court in 216 F.2d 41, and the cases there considered at great length.

Plaintiff attempts to distinguish these cases from the one at bar on the ground that this is a lease, whereas the instruments under consideration in the two last cited were assignments of income. But we think no nicety of discrimination in the use of words can change this so-called lease into anything other than a pretended lease assigning the rents and profits from the farm for a certain period of time, subject to revocation at any time by the plaintiff. One who retains control over property from which income is produced is obliged to account therefor, even though he assigns it, if he retains the power to revoke the assignment. Galt v. Commissioner, 7 Cir., 216 F.2d 41, certiorari denied 348 U.S. 951, 75 S.Ct. 438, 99 L.Ed. 743; Commissioner of Internal Revenue v. Slagter, 7 Cir., 238 F.2d 901. The case, we think, is in accord with the expressions of the Supreme Court in Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 761, 85 L.Ed. 1055, and repeated in Commissioner v. Sunnen, 333 U.S. 591, at page 606, 68 S.Ct. 715, 92 L.Ed. 898: "One vested with the right to receive income did not escape the tax by any kind of anticipatory arrangement, however skillfully devised, by which he procures payment of it to another, since, by the exercise of his power to command the income, he enjoys the benefit of the income on which the tax is laid." In the latter case the court added: "And it was also noted that 'Even though the gift of income be in form accomplished by the temporary disposition of the donor's property which produces the income, the donor retaining every other substantial interest in it, we have not allowed the form to obscure the reality.'" The power to revoke retained in the plaintiff control over the property. In such case the income remains essentially that of the assignor. Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 723.

In this respect, the present case differs from Lum v. Commissioner, 3 Cir., 147 F.2d 356. There the assignor reserved no power in himself to take back the property rights, or in any way to interfere with the lessee's receipt of the rents.

Plaintiff contends in the alternative, that income derived from livestock and certain farm products should not have been added to plaintiff's income. In this respect the district court found, that, under the evidence, he could not find that a completed gift had been intended but, even if it had, that plaintiff had failed to show what portion if any, of the net income from the farms reported by plaintiff's wife was attributable to the sub-

ject matter of the purported gift to her of the livestock and grain on the farm. The lease purported to assign this personal property but recited no consideration for the same. It did not fix the amount or value thereof, and our examination of the record does not reveal what if anything, was realized in the way of profit.

Plaintiff and his wife seem to have been at odds as to the nature of this agreement as to grain and livestock. She testified that she bought it from the doctor and paid for it. He testified that he gave it to her, and, inasmuch as it was worth less than $3,000, that there was no gift tax due. On the whole record, we think the assignment of the rents and of the grain and livestock on the farms must all be placed in the same category; that their assignment was a conditional one, subject to revocation, and that the court was fully justified in concluding that no proper showing of the propriety of charging this income to her instead of to her husband had been made.

Finding no error in the record the judgment is affirmed.