OPINION'. Black, Judge: Petitioners in their brief contest the correctness of the determination of the Commissioner on four grounds. These grounds are stated in their brief as follows: 1. The money advanced by taxpayers to the Toff Corporation for which said corporation gave its notes, was not a contribution to the capital of said corporation. 2. The notes of Toff Corporation held by taxpayers were valid obligations of said corporation at the beginning of the year 1955 and by reason of the then development of the cotton classer appeared reasonably certain to be paid. 3. The notes of Toff Corporation held by taxpayers were worthless at the end of 1955. 4. The bad debt [loss] suffered by taxpayers by reason of the worthlessness of the Toff Corporation notes held by them December 31, 1955, was a business debt. Petitioners’ grounds 1 and 2 must be considered together because they are necessarily linked together. After a careful consideration of all the evidence in the record, both oral and documentary, we hold that petitioner’s advancements to Toff were capital contributions to Toff, rather than loans. We think this fact is evidenced by the loan agreement itself. The loan agreement is quite lengthy and it does not seem practical to quote all of it in our Findings of Fact. It is, of course, incorporated in its entirety by reference because it is one of the exhibits attached to the' stipulation of facts. We have quoted a part of it which we think proves that petitioner’s advancements were intended as investments rather than loans. The two stockholders, Felder and Tenison, had made advancements in proportion to their stock ownership in Toff but they had reached the point where they were unwilling to make further advancements. It was then that the loan agreement was entered into and the provisions of this agreement make clear that petitioner was making sure that by reason of the advancements to Toff which he agreed to make he would own the same proportional interest in Toff as Felder and Tenison, who had together advanced to Toff the aggregate sum of $33,000. This latter amount was the sum which petitioner agreed to advance to Toff. It is true that in the end he advanced $36,250 instead of $33,000 as he had agreed in the loan agreement. We do not think, however, that this difference changes the character of his advancements. That his advancements to Toff were risk capital rather than loans we think is evidenced by the language in the agreement which says: Gable will advance monthly funds as needed until bis total investment is $33,000.00 wbieb will exactly match out of pocket expense of Felder and Teni-son. At that time under the above formula Gable will have been issued 33,000 33,000+33,000 X 500=250 shares [Emphasis supplied.] It is true that petitioner was given promissory notes payable on demand and drawing interest at the rate of 5 per cent per annum. It is also true that Felder and Tenison were given notes of the same character for their advancements. But notwithstanding that petitioner received promissory notes for his advancements as did Felder and Tenison, we do not think that fact changes the character of his advancements. We still think they represented risk capital invested in Toff rather than loans. In Sam Schnitzer, 13 T.C. 43, affirmed per curiam 183 F. 2d 70 (C.A. 9), certiorari denied 340 U.S. 911, we said: This question is one of fact. Cohen v. Commissioner, supra [148 F. 2d 336 (C.A. 2)]. And in deciding whether or not a debtor-creditor relation resulted from advances, the parties’ true intent is relevant, Fairbanks, Morse & Co. v. Harrison (N.D. Ill.), 63 Fed. Supp. 495; Edward, Katzinger Co., supra [44 B.T.A. 533, affd. 129 F. 2d 74 (C.A. 7)]; Daniel Gimbel, 36 B.T.A. 539. Bookkeeping, form, and the parties’ expressions of intent or character, the expectation of repayment, the relation of advances to stockholdings, and the adequacy of the corporate capital previously invested are among circumstances properly to be considered, for the parties’ formal designations of the advances are not conclusive, United States v. South Georgia Ry. Co., supra [107 F. 2d 3 (C.A. 5)], but must yield to “facts which even indirectly may give rise to inferences contradicting” them. Cohen v. Commissioner, supra. * * * As the Supreme Court said, however, in Talbot Mills [John Kelley Co.] v. Commissioner, supra [326 U.S. 521]: “* * * There is no one characteristic * * * which can be said to be decisive in the determination of whether the obligations are risk investments in the corporations or debts. * * *” Section 165, I.B..C. 1954, dealing with losses reads in part as follows : SEC. 165. LOSSES. (a) General Rule. — There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ******* (g) Worthless Securities.— (1) General rule. — If any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, for purposes of this subtitle, be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset. (2) Security defined. — For purposes of this subsection, the term “security” means— (A) a share of stock in a corporation; On December 31, 1955, petitioner owned 208 shares of Toff common stock which, as we view it, had cost him $36,250, the total amount of his advancements to Toff. While it is clear that petitioner’s stock in Toff did not have much value on December 31,1955, it did have some value at that time. In April 1956, petitioner purchased Felder’s and Tenison’s stock in Toff for $4.40 per share and Felder and Tenison transferred to petitioner their notes against Toff without any additional payment. This certainly indicates that the Toff shares of stock were not worthless on December 31, 1955. When, if ever, petitioner’s stock in Toff became worthless, we do not decide. What we do decide is that petitioner’s stock in Toff did not become worthless in 1955. As to petitioner’s contention No. 3 above stated, it is disposed of .by our decision that petitioner’s notes in Toff represented capital invested in Toff and did not become worthless in 1955. As to petitioner’s contention No. 4 stated above, it would only become pertinent if we should hold that petitioner’s notes represented debts against Toff and were therefore covered by section 166 of the 1954 Code. Having held that these notes represented a capital investment by petitioner in Toff and were not debts against Toff, section 166 has no application and we hold against petitioner’s contention that it does have application. Decision will be entered for the respondent.