John Verra v. Commissioner.
Verra v. Commissioner
Docket No. 2266-67.
United States Tax Court
T.C. Memo 1972-199; 1972 Tax Ct. Memo LEXIS 57; 31 T.C.M. (CCH) 996; T.C.M. (RIA) 72199; September 14, 1972
*57 Petitioner filed no Federal income tax returns for the years 1952 through 1961, inclusive. Respondent determined deficiencies in income tax and additions thereto against petitioner based on unreported income in said years. Held, petitioner failed to show that the burden of proof was shifted to respondent; held further, respondent's determination of deficiencies in income tax sustained, as petitioner failed to introduce credible evidence sufficient to carry his burden of proving by a preponderance of the evidence that respondent's determination of deficiencies was wrong or, moreover, even to rebut the presumptive correctness attaching to such determination; held further, respondent's determination of additions to the tax sustained on petitioner's failure of proof. David M. Markowitz, 261 Broadway, New York, N. Y., for the petitioner. Richard J. Mandell and Marwin A. Batt, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions thereto as follows: Additions to tax
Sec. 294
Sec. 291(a),
(d)(1)(A),
I.R.C.
I.R.C.
Year
Deficiency
1939
1939
1952
$12,006.05
$3,001.51
$1,073.27
1953
12,006.05
3,001.51
1,073.27
1954
12,796.35
1,141.96
1955
12,814.35
1956
12,814.35
1957
14,856.88
1958
9,018.83
1959
8,815.18
1960
3,365.20
1961
463.63
Total
$98,956.87
$6,003.02
$3,288.50
Additions to tax
Sec. 293(b),
Sec. 6653(b),
Sec. 6654,
I.R.C.
I.R.C.
I.R.C.
Year
1939
1954
1954
1952
$ 6,003.03
1953
6,003.03
1954
$ 6,398.18
1955
6,407.18
$ 355.27
1956
6,407.18
355.27
1957
7,428.44
412.03
1958
4,509.42
248.55
1959
4,407.59
241.79
1960
1,682.60
88.19
1961
231.82
9.05
Total
$12,006.06
$37,472.41
$1,710.15
*58 Respondent has conceded that there are no additions to the tax under section 293(b), Internal Revenue Code of 1939, or section 6653(b), Internal Revenue Code of 1954, for the years before the Court. The issues remaining for our decision are: (1) whether petitioner received income in each of the taxable years 1952 through 1961, inclusive, aggregating $246,645; (2) whether the additions to the tax pursuant to section 997 291(a) and section 294(d) (1) (A), Internal Revenue Code of 1939, and section 6654(a), Internal Revenue Code of 1954, were properly determined against petitioner; and (3) whether recorded testimony at a prior trial is admissible in the instant proceeding. Findings of Fact Petitioner, John Verra, is an individual whose legal residence at the time his petition was filed herein was Roselle, New Jersey. Petitioner filed no Federal income tax returns for the taxable years 1952 through 1961, inclusive. During the years at issue, petitioner's former wife, Anna, and four children resided with petitioner. Petitioner was convicted at least twice for violations of Federal laws relating to the transportation and sale of untaxed alcohl, once in approximately 1939 and once in 1961. *59 The 1961 conviction was on four counts of an indictment for violation of the Internal Revenue laws relating to transporting and selling untaxed liquor and conspiracy to do so, and was the result of an investigation conducted by the Alcohol and Tobacco Tax Division, Internal Revenue Service, into petitioner's transportation and sale of alcohol activities. Subsequent to these convictions, an investigation was commenced to determine petitioner's possible income tax liability for the years 1952 through 1961. Based on information gathered by the Alcohol and Tobacco Tax Division's investigation leading to the 1961 conviction, respondent issued a statutory notice of deficiency to petitioner determining that he had realized unreported income from the sale of alcohol in the following years in the amounts indicated: Year
Amount
1952
$ 27,592.50
1953
27,592.50
1954
30,842.50
1955
30,842.50
1956
30,842.50
1957
34,092.50
1958
24,542.50
1959
24,132.50
1960
13,040.00
1961
3,125.00
Opinion Issue 1. Unreported Income As petitioner has cited no authority whatsoever on brief with respect to the substantive issue in this case, we can only infer upon what theories petitioner has postured his case. On brief and reply brief, *60 petitioner's position appears to be that not only was his offered testimony sufficient to rebut the presumption of correctness attaching to respondent's determination of deficiencies in income tax and additions to the tax, but that such evidence sustained petitioner's burden of proving the determination to be incorrect. Further, the general import of petitioner's allegations in his petition [1] *61 appears to be that respondent's determination was arbitrary and excessive, and on brief and reply brief petitioner implies that respondent has the burden of proof in this case. Our evaluation of the evidence offered by petitioner, which we discuss below, simultaneously disposes of petitioner's arguments. First, the record before us leads us to conclude that respondent does not have the burden of proof in this case. Second, we further conclude that petitioner has failed to carry the burden of proof remaining on him. The only evidence offered by petitioner at trial was his own testimony to the effect that he did not earn or receive any income from the sale of alcohol or from any other source as asserted in the notice of deficiency during the period from 1952 through 1961, but, rather, that he was unemployed during that entire period. Petitioner testified that for this period of ten years he spent his time at home or with friends, playing cards, frequenting cafes, and the like. There was nothing more than a vague general statement to the effect that petitioner, his wife and four children were supported by various relatives who gave petitioner money and that petitioner's wife and children worked to support him and the family. None of these *62 people were called to testify or in any way corroborate petitioner's story. 998 Petitioner recounted no specifics as to how much he received in the way of support, or when or from whom such support was received. There was testimony by petitioner that his present wife, to whom he was unmarried during the years before us, operated an auto repair shop and that petitioner spent some time there, although he never worked there. However, this appears to be after the years in issue and the record is void as to how much, if any, income was derived therefrom by the second wife. Neither petitioner's present wife, nor anyone else was called to testify in corroboration or support of petitioner's story. In explaining his reason for unemployment during the ten year period, petitioner's testimony was conflicting. At times petitioner stated it was because jobs were unavailable. At times petitioner stated he could not work because of a nervous condition; yet he also stated that he actually was able to work during this period. Petitioner's entire story is questionable on its face, and its presentation was so vague, unresponsive and evasive as to render it improbable. In short, we think that petitioner's *63 testimony is not worthy of credit, and we reject it as having no probative value in this case. This Court is not bound to accept at face value uncorroborated testimony of a taxpayer where such testimony appears improbable, unreasonable or questionable. Banks v. Commissioner, 322 F. 2d 530 (C.A. 8, 1963), affirming in part and remanding in part a Memorandum Opinion of this Court; Urban Redevelopment Corporation v. Commissioner, 294 F. 2d 328 (C.A. 4, 1961), affirming 34 T.C. 845 (1960); Commissioner v. Smith, 285 F. 2d 91 (C.A. 5, 1960), affirming a Memorandum Opinion of this Court; Factor v. Commissioner, 281 F. 2d 100 (C.A. 9, 1960), affirming a Memorandum Opinion of this Court, certiorari denied 364 U.S. 933 (1961); Pool v. Commissioner, 251 F. 2d 233 (C.A. 9, 1957), affirming a Memorandum Opinion of this Court, certiorari denied 356 U.S. 938 (1958); Winters v. Dallman, 238 F. 2d 912 (C.A. 7, 1956); Archer v. Commissioner, 227 F. 2d 270 (C.A. 5, 1955), affirming a Memorandum Opinion of this Court; Carmack v. Commissioner, 183 F. 2d 1 (C.A. 5, 1950), affirming a Memorandum Opinion of this Court, certiorari denied 340 U.S. 875 (1950). This is true even where such testimony is uncontroverted. *64 Diamond Bros. Company v. Commissioner, 322 F. 2d 725 (C.A. 3, 1963), affirming a Memorandum Opinion of this Court; Banks v. Commissioner, supra; Commissioner v. Smith, supra; Factor v. Commissioner, supra; Pool v. Commissioner, supra; Archer v. Commissioner, supra.
Second, it is significant that petitioner failed to offer any testimony by those from whom he claimed support or from anyone else, for that matter, who might corroborate any part of his testimony. This failure on petitioner's part reduces the probative value of petitioner's story, and we draw the inference that such testimony, if introduced, would have been adverse to petitioner's claims. Interstate Circuit v. United States, 306 U.S. 208, (1939); Thomas E. Snyder Sons Co. v. Commissioner, 288 F. 2d 36 (C.A. 7, 1961), affirming 34 T.C. 400 (1960), certiorari denied 368 U.S. 823 (1961); Stoumen v. Commissioner, 208 F. 2d 903 (C.A. 3, 1953), affirming a Memorandum Opinion of this Court; Joseph F. Giddio, 54 T.C. 1530 (1970); Samuel Pollack, 47 T.C. 92 (1966), affirmed 392 F. 2d 409 (C.A. 5, 1968); Wichita Terminal Elevator Co., 6 T.C. 1158 (1946), affirmed 162 F. 2d 513 (C.A. 10, 1947). Third, the credibility of petitioner's *65 testimony is further rendered suspect by the fact that petitioner had at least three times been the subject of Federal criminal convictions, the third one of which was for obstructing justice by way of offering money to, and threatening persons testifying as witnesses in a trial resulting in a prior conviction. We have taken these convictions into account as discrediting petitioner's testimony. Masters v. Commissioner, 243 F. 2d 335 (C.A. 3, 1957), affirming 25 T.C. 1093 (1956); Kilpatrick v. Commissioner, 227 F. 2d 240 (C.A. 5, 1955), affirming 22 T.C. 446 (1954); Nathan Bilsky, 31 T.C. 35 (1958), petition to review dismissed 271 F. 2d 414 (C.A. 8, 1959). 999 Each of these three considerations alone might serve as a basis for not accepting petitioner's story at face value. However, we have evaluated petitioner's story in the cumulative light of these considerations and we reject petitioner's testimony as unconvincing and substantially lacking in credibility. Petitioner has utterly failed to produce evidence that respondent's determination of deficiencies was arbitrary and excessive. See Helvering v. Taylor, 293 U.S. 507 (1935); see also, Joseph F. Giddio, supra. Compare Federal National Bank of Shawnee, 16 T.C. 54 (1951). *66 Indeed, respondent's determination was based on specific information developed by the prior Alcohol and Tobacco Tax Division investigation.[2] Our evaluation of the evidence, discussed above, convinces us that respondent's determination of deficiencies as set forth in his statutory notice has the support of a presumption of correctness, and petitioner has the burden of proving it wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.[3] *67 Petitioner has failed initially to produce credible evidence to establish a prima facie showing that respondent's determination is in error so as to rebut the presumption of correctness attaching thereto, Paul J. Byrum, 58 T.C. - (Aug. 1, 1972); Joseph F. Giddio, supra.
On the record before us we conclude and hold that petitioner has failed to carry his burden of proving by a preponderance of the evidence, American Pipe & Steel Corp. v. Commissioner, 243 F. 2d 125 (C.A. 9, 1957), affirming 25 T.C. 351 (1955), certiorari denied 355 U.S. 906 (1957), that respondent's determination of deficiencies was wrong, as he must do if he is to prevail here. Welch v. Helvering, supra; Rule 32, Tax Court Rules of Practice. We therefore must uphold respondent's determination as to the income tax deficiencies for the years in question. Issue 2. Additions to the Tax As respondent has conceded the fraud penalties, the only additions to the tax remaining against petitioner are as follows: Section 291(a), Internal Revenue Code of 1939 (failure to file a *68 return), for the years 1952 and 1953; Section 294(d)(1)(A), Internal Revenue Code of 1939 (failure to file declaration of estimated tax), for the years 1952, 1953 and 1954; section 6654(a), Internal Revenue Code of 1954 (failure to pay estimated income tax) for the years 1955 through 1961, inclusive. Petitioner has presented no evidence as to the specific issues of additions to the tax, aside from his testimony relevant to the first issue, which we have evaluated and rejected; petitioner has therefore also failed to carry his burden of proof with respect to these additions to the tax. Accordingly, we also sustain respondent's determination as to the additions to the tax as noted above. Issue 3. Admissibility of Recorded Testimony at Prior Trial At the trial of this case, respondent offered into evidence testimony contained in the record of a prior trial. As respondent has conceded the fraud issue and as we have already sustained respondent's remaining determinations because of petitioner's failure to carry his burden of proof, we find it unnecessary to rule on the admissibility of this evidence. Decision will be entered under Rule 50. Footnotes
1. Paragraph 5 of the petition is, in part, as follows: The facts upon which Petitioner relies as the basis of this proceeding are as follows: (a) The taxable income as set forth for the year 1952 is not founded upon any facts or any information received from Petitioner. (b) All figures for the said year, 1952 is [sic] based upon an estimate which has no basis in fact whatsoever. [Similar allegations are made with respect to the years 1953 through 1961.] See Joseph F. Giddio, 54 T.C. 1530 (1970), footnote 2, wherein a similar allegation was deemed to raise the issue of whether the determination of deficiencies was arbitrary and excessive such that the burden of proof might be shifted to respondent under Helvering v. Taylor, 293 U.S. 507↩ (1935).
2. See, for example, Sam Goldstein [dec. 27,527(M)], T.C. Memo. 1965-223↩. 3. Although respondent would have the burden of proof as to the fraud penalties determined in the notice of deficiency and specifically pleaded in his answer, respondent on brief has conceded the fraud issue in this case. Even without such concession, the burden of proof with respect to the deficiencies in income tax would still rest with petitioner. Thus, the initial assertion of fraud penalties and their subsequent concession in no way disturbs petitioner's burden of proof with respect to the deficiencies in income tax. See Snell Isle, Inc. v. Commissioner, 90 F. 2d 481 (C.A. 5, 1937), affirming a Memorandum Opinion of this Court, certiorari denied 302 U.S. 734 (1937); Henry S. Kerbaugh, 29 B.T.A. 1014 (1934), affd. per curiam 74 F. 2d 749 (C.A. 1, 1935). See also Frank Caruso, T.C. Memo 1966-190↩.