JOHN FEINBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feinberg v. Commissioner
Docket No. 6073-77.
United States Tax Court
T.C. Memo 1979-245; 1979 Tax Ct. Memo LEXIS 281; 38 T.C.M. (CCH) 971; T.C.M. (RIA) 79245; June 26, 1979, Filed *281 Held, petitioner had additional, unreported income in 1973. Held further, the resultant underpayment of tax for that year was due to negligence or intentional disregard of rules and regulations. John Feinberg, pro se. John J. Morrison and Lawrence Staat, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on March 14, 1977, issued a statutory notice to petitioner in which he determined a deficiency in petitioner's Federal income tax for his taxable year in the amount of $13,131.05 and an addition to tax in the amount of $656.55. The questions before the Court are (1) whether the $40,000 petitioner used to purchase treasury bills during 1973 represented taxable income which he received but failed to report in that year, and (2) whether any part of the underpayment of tax resulting from such failure or petitioner's failure to report his interest income of $1,378 from said bills was due to his negligence or intentional disregard of rules and regulations under section 6653(a), I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, *282 and the exhibits attached thereto, are incorporated herein by this reference. John Feinberg resided in Cicero, Illinois at the time of filing the petition herein. He filed a joint Federal income tax return for his taxable year 1973 with the Director, Internal Revenue Service Center, Kansas City, Missouri. The parties have stipulated that petitioner's spouse, Mary M. Feinberg, is not a party to this action. On April 2, 1973 petitioner tendered $40,000 to the Federal Reserve Bank of Chicago, Illinois in purchase of four 182-day treasury bills in $10,000 denominations which were dated April 5, 1973 and matured October 4, 1973. The $40,000 so invested belonged to petitioner. The investment in treasury bills yielded interest of $1,378 which petitioner received in 1973 but failed to report on his return for that year. Prior to 1952 petitioner's net worth was no more than $3,000. An extraction made by the Bureau of Data Processing, Social Security Administration, Department of Health, Education and Welfare from the record of earnings reported under petitioner's social security number for the period January 1, 1952 through December 31, 1973 reflects the following sources and *283 earnings: Year
Source
Amount
Total
1952
National Cylinder Gas Co.
$1,343.64
Unarco Industries, Inc.
158.81
Griffin Wheel Co.
1,745.18
$ 3,247.63
1953
Kenny Construction Co.
34.40
Griffin Wheel Co.
912.00
Danly Machine Corp.
113.25
Sunbeam Corp.
583.47
International Harvester Co.
26.80
Village Cab Co., Inc.
34.33
Kamo Tools, Inc.
1,322.99
Harco Aluminum, Inc.
234.00
$ 3,261.24
1954
Harco Aluminum, Inc. $ 320.00
Chicago Extruded Metals Co.
518.53
A. W. Haloulos
206.62
$ 1,045.15
1955
Western Electric Co. $ 52.80
A. W. Haloulos
69.40
Harrison Sheet Steel Co.
128.45
International Harvester, Inc.
941.75
Sheller Mfg. Corp.
251.68
Hewitt-Robbins, Inc.
222.00
Barr Corp.
149.71
Post Office Dept.
157.25
$ 1,973.04
1956
Industrial Gear Mfg. Co. $ 40.85
Brad Foote Gear Works, Inc.
112.34
Hansel & Elcock Co.
446.51
Inland Steel Co.
168.12 $ 767.82
1957
Darrell M. Partlow $ 66.00 $ 66.00
1958
J & L Engineering Co., Inc. $ 142.80 $ 142.80
1959
McWhorter Chemicals, Inc. $ 148.60
FLG Hansen, Inc.
264.66 $ 413.26
1961
Presbyterian St. Lukes Hospital $ 770.40
Barr Corp.
826.00
$ 1,596.40
1962
Barr Corp. $ 656.00
Floridas General Development Corp.
275.50
J & R Tastee Freeze
37.83
Floridas General Development Corp.
30.00 $ 999.33
1963
Daniel F. Knox and Associates $ 122.29
Floridas General Development Corp.
20.00
Chicago Technical College
2,103.81
$ 2,246.10
1964
Chicago Technocal College
$4,800.00
Velsicol Chemical Corp. of America
460.39
$ 5,260.39
1965
Velsicol Chemical Corp. of America
$2,242.21
Carroll Tool & Die Co.
152.50
Austin Machine Co., Inc.
87.50
Automotive Products Corp.
45.60
R & H Guarantee Products
371.25
Skokie Tool Co.
574.70
BJL Corp.
677.28
Hild Floor Machine Co., Inc.
21.60
$ 4,172.64
1966
BJL Corp.
$1,380.96
Everede Tool Co.
3,880.00
$ 5,260.96
1967
Everede Tool Co.
$4,805.00
$ 4,805.00
1968
Plastiline, Inc.
$2,338.02
Bachlan Investment Corp.
367.50
KMS Industries
59.08
$ 2,764.60
1969
Aerosol Research Co. $ 105.90
Walgreen Co.
43.88
American Institute of Engineering & Technology
672.40
Legal Investigation Bureau, Inc.
10.00
Martin Grinding Machine Works, Inc.
126.75 $ 958.93
1970
Altman Mfg. Co., Inc.
$2,114.00
$ 2,114.00
1971
Educational Services, Inc. $ 162.00
Altman Mfg. Co., Inc.
6,243.80
$ 6,405.80
1972
Industrial Gear Mfg. Co. $ 30.00
Esterline Corp.
1,033.41
Brisking Mfg. Co.
154.20
$ 1,217.61
1973
Altman Mfg. Co., Inc. $ 111.00 $ 111.00
$48,829.70
*284 Petitioner's Forms W-2 reflect the following sources and amounts: Year
Source
Amount
Total
1952
National Cylinder Gas Co. $ 20.17
Unarco Industries, Inc.
158.81
Griffin Wheel Co.
1,745.18
Davidson & WierGMC Truck Sales & Service, Inc.
52.80
$1,976.96
1953
Kenny Construction Co. $ 34.40
Griffin Wheel Co.
912.00
Danly Machine Corp.
113.25
Sunbeam Corp.
583.47
International Harvester Co.
26.80
Village Cab Co., Inc.
34.33
Kamo Tools, Inc.
1,322.99
Harco Aluminum, Inc.
234.00
$3,261.24
1964
Chicago Technical College
$ 5,382.00
Velsicol Chemical Corp. of America
460.39
$5,842.39
1965
Velsicol Chemical Corp. of America
$ 2,242.21
Carroll Tool & Die Co.
152.50
Austin Machine Co., Inc.
87.50
Automotive Products Corp.
45.60
R & H Guarantee Products
371.25
Skokie Tool Co.
574.70
Deka Drill Corp. (BJL Corp.)
677.28
Hild Floor Machine Co., Inc.
21.60
$4,172.64
1966
BJL Corp
$ 1,380.96
Everede Tool Co.
3,880.00
$5,260.96
1967
Everede Tool Co.
$ 4,805.00
$4,805.00
1968
Plastiline, Inc.
$ 2,338.02
Bachlan Investment Corp.
367.50
KMS Industries
59.08
Palm Beach County
160.00
$2,924.60
1969
Aerosol Research Co. $ 105.90
Walgreen Co.
43.88
American Institute of Engineering & Technology
672.40
Legal Investigation Bureau, Inc.
10.00
Martin Grinding Machine Works, Inc.
126.75 $ 958.93
1970
Altman Mfg. Co., Inc. $ 324.70 $ 324.70
1971
Educational Services, Inc. $ 162.00
Altman Mfg. Co., Inc.
6,203.80
$6,365.80
1972
Industrial Gear Mfg. Co. $ 30.00
Esterline Corp.
1,033.41
Briskin Mfg. Co.
154.20
Cook County School Dist. No. 217
540.00
$1,757.61
1973
Altman Mfg. Co. Inc. $ 111.00
Bd. of Education, Chicago
4,671.52
$4,782.52
$42,433.35
*285 Petitioner submitted the following summary of earnings and sources from 1952 through 1973: Year
Source
Amount
Total
1952
National Cylinder Gas Co.
$1,343.64
Unarco Industries, Inc.
158.81
Griffen Wheel Co.
1,745.18
Davidson & WierGMC Truck Sales & Service, Inc.
52.80
$ 3,300.43
1953
Kenny Construction Co. $ 34.40
Griffen Wheel Co.
912.00
Danly Machine Corp.
113.25
Sunbeam Corp.
583.47
International Harvester Co.
26.80
Village Cab Co.
34.33
Kamo Tools, Inc.
1,322.99
Harco Aluminim, Inc.
234.00
Chicago Extruded Metals
518.53
$ 3,779.77
1954
H. Cohn & Sons $ 320.00
Hansel & Elcock
3,330.00
$ 3,650.00
1955
Hansel & Elcock
$4,056.00
$ 4,056.00
1956
Hansel & Elcock
$4,264.00
$ 4,264.00
1957
Hansel & Elcock
$4,472.00
$ 4,472.00
1958
Hansel & Elcock
$4,784.00
$ 4,784.00
1959
Hansel & Elcock
$3,200.00
$ 3,200.00
1960
1961-63
Estimated total
$10,000.00-$11,000.00
$11,000.00
1964
Chicago Technical College
$5,382.00
Velsicol Chemical Corp. of America
460.00
$ 5,842.39
1965
Velsicol Chemical Corp. of America
$2,242.21
Carroll Tool & Die Co.
152.50
Austin Machine Co.
87.50
Automotive Products Corp.
45.60
R & H Guarantee Products
371.25
Skokie Tool Co.
574.70
Deka Drill Corp.
677.28
Hild Floor Machine Co.
21.60
$ 4,172.64
1966
BJL Corp.
$1,380.96
Everede Tool Co.
3,880.00
$ 5,260.96
1967
Everede Tool Co.
$4,805.00
$ 4,805.00
1968
Plastiline, Inc.
$2,338.02
Bachlan Investment Corp.
367.50
KMS Industries
59.08
Palm Beach County
160.00
$ 2,924.60
1969
Aerosol Research Co. $ 105.90
Walgreen Co.
43.88
American Institute of Engineering & Technology
672.40
Legal Investigation Bureau, Inc.
10.00
Martin Grinding Machine Works, Inc.
126.75 $ 958.93
1970
Altman Mfg. Co., Inc.
$2,114.00
1971
Educational Services, Inc.
162.00
Altman Mfg. Co., Inc.
6,243.80
$ 6,405.80
1972
Industrial Gear Mfg. Co. $ 30.00
Esterline Corp.
1,033.41
Briskin Mfg. Co.
154.20
Cook County School Dist. No. 217
540.00
$ 1,757.61
1973
Altman Mfg. Co., Inc. $ 111.00
Board of Education, Chicago
4,671.52
$ 4,785.52
$81,530.65
*286 He also alleged the following receipts during that period: 1959
Job related accident $ 480.00
Workman's compensation settlement
1,110.00
Auto accident settlement
880.00
Motorcycle accident settlement
1,118.00
$3,588.00
1964
Unemployment compensation $ 300.00
1966
Unemployment compensation
300.00
1967
Unemployment compensation
500.00
1971
Unemployment compensation
300.00
1972
Unemployment compensation
500.00
$1,900.00
$5,488.00
The parties stipulate that petitioner's gross income subject to Federal income tax did not exceed the following amounts: Year
Amount
1952
3,330.43
1953
3,779.77
1954
3,650.00
1955
3,447.60
1956
3,624.40
1957
3,801.20
1958
4,066.40
1959
2,720.00
1960 through 1963
11,000.00
1964
5,842.39
1965
4,172.64
1966
5,260.96
1967
4,805.00
1968
2,924.60
1969
958.93
1970
1,789.30
1971
6,405.80
1972
1,757.61
Total
$73,307.03
The parties have also stipulated that petitioner's expenses were not less than the following amounts: Year
Expenses
Taxes
Total
1952
$ 1,000.76 $ 540.67
$ 1,541.43
1953
1,000.00
586.91
1,586.91
1954
1,200.00
547.50
1,747.50
1955
1,200.00
608.40
1,808.40
19 56
1,200.00
639.60
1,839.60
1957
1,200.00
670.80
1,870.80
1958
1,200.00
717.60
1,917.60
1959
800.00
480.00
1,280.00
1960
*
1961
6,000.00
*
6,000.00
1962
approx. total
*
1963
*
1964
2,051.37
791.02
2,842.39
1965
1,672.53
500.11
2,172.64
1966
1,700.00
779.56
2,479.56
19 67
2,833.84
762.60
3,596.44
1968
1,673.34
451.26
2,124.60
1969
0
97.90
97.90
1970
1,032.00
82.00
1,114.00
1971
2,900.00
926.50
3,826.50
1972
1,650.00
86.32
1,736.32
1973
2,750.00
732.80
3,482.80
$33,063.84
$10,011.55
$43,065.39
*287 Petitioner and Mary M. Feinberg were married in 1966. Mrs. Feinberg was not employed. During much of the period 1952 through 1973 petitioner lived with his mother. He did not pay her rent and contributed only minimal amounts toward food and household expenses. However, at one point he moved with his wife from Cicero to Florida and back. OPINION Issue 1. Increase in 1973 Taxable Income. In his statutory notice respondent determined a deficiency in petitioner's reported taxable income for the year in issue. In support thereof he has shown a cash expenditure by petitioner of $40,000 which suggests receipt of income in excess of that reported on petitioner's return. Petitioner admits that he initially told the IRS auditor that the $40,000 was not his own, but belonged to the estate of a Joseph Novotny of which he was the executor. At that time he claimed that the interest income of $1,378 represented the return on money he had invested in his capacity as executor thereof. Petitioner then told the auditor that he would include the interest income on his tax return for his taxable year 1973, not because *288 it was his interest, but because he had retained that amount as his executor's fee. When the auditor requested documentation with respect to the estate, petitioner admitted that the estate was pure fabrication. Petitioner then claimed that the $40,000 represented money he had accumulated over 25 years of work. In support of his claim he offered an exhibit, which he compiled, summarizing his alleged earnings and expenses from 1952 forward to corroborate his own testimony. His only other witness was his mother. Petitioner's summary states that he worked (apparently full-time) for Hansel & Elcock from 1954 through 1959. However, he has no W-2 forms in support of his statement and the social security records reflect that he was employed by that company only two quarters of 1956 and earned therefrom a total of $446.51. Under cross-examination petitioner admitted that the social security record was accurate and that his summary was compiled more for the purpose of showing that he was working than to reflect accurately his employment. Petitioner's figures show estimated earned income from 1952 through 1973 totaling $81,530.65 plus workman's compensation and amounts received *289 in settlement of accidents of $3,588 and unemployment compensation of $1,900. He calculated that his expenses and taxes for that same period totaled $43,065.39. He, therefore, contends that he had saved the $40,000 used to purchase the treasury bills. When the income reflected on the W-2 forms is compared to that reflected on the social security record, it appears that petitioner's actual total gross income for the period 1952 through 1973 was $54,836.02. [1] That averages out to income of $2,492.55 per year. Petitioner's wife had no earnings to increase this figure. Petitioner admits that he paid expenses and taxes of at least $43,065.39 during the period 1952 through 1973. This averages $2,050.73 per year. In support of his allegation of such minimal expenditures petitioner points to the fact that he lives in his mother's home. Apparently petitioner has lived with his mother for much of his adult life. While residing with her he has not paid her rent and has made only minimal contributions to defray *290 her food and household expenses. However, there have also been periods during which petitioner and his wife lived apart from his mother. At one point he and his wife moved from Cicero to Florida and back. Petitioner included in his estimated income insurance proceeds from three accidents. He did not show any expenses attributable thereto in his accounting. Petitioner put his mother on the stand as a corroborative witness. Her testimony was so vague as to be of negligible support. The Court is not bound to accept the assertions of a petitioner which are improbable, unreasonable or questionable. The Court may determine credibility of such assertions after considering the manner of testimony presented, the decorum of witnesses, the reasonableness of their stories and the witnesses' interest in the subject matter. Winters v. Dallman,238 F.2d 912, 914 (7th Cir. 1956). Upon such consideration we find that petitioner's assertions are not credible. His testimony was unconvincing and not altogether forthright. His table of income embellished his earnings. Petitioner has failed to meet his burden of proof. Welch v. Helvering,290 U.S. 111, 115 (1933). *291 Therefore we find for respondent on this issue. Issue 2. Section 6653(a) Addition to Tax. Section 6653(a) provides that "If any part of any underpayment * * * of any tax * * * is due to negligence or intentional disregard of rules and regulations * * * there shall be added to the tax an amount equal to 5 percent of the underpayment." Petitioner conceded that the interest income of $1,378, which he failed to report on his 1973 return, should have been included in his taxable income for that year. He paid a section 6653(a) penalty with respect to that underpayment. We have herein held that he also failed to report income of $40,000 on that same return. Petitioner has offered no proof or credible explanation with respect to either omission. The burden of proof is on petitioner. Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971). Rule 149(b), Tax Court Rules of Practice and Procedure. Therefore we find for respondent on this issue. Decision will be entered for the Respondent.
Footnotes
*. No figures were submitted with respect to these years.↩
1. The W-2 forms reflect $6,006.32 of income not listed in the Social Security records, while such records list $12,402.67 of income not reflected on the W-2 forms.↩